ARNOLD *et al. v.* CHESEBROUGH.

*(Circuit Court, E. D. New York.* April 10, 1888.)

EQUITY—PRACTICE—TAKING TESTIMONY.

The power of the circuit court to appoint special examiners, under the sixty-seventh rule in equity, to take testimony outside of its territorial jurisdiction, is not free from doubt, and the practice is objectionable.

In Equity. On application for the appointment of a special examiner to take testimony.

*J. H. V. Arnold,* for complainants.

*W. S. Logan,* for defendant.

LACOMBE, J. This is an application for the appointment of a special examiner at Los Angeles, Cal., to take testimony under the sixty-seventh rule in equity. The power of a circuit court to appoint an examiner to act outside of its territorial jurisdiction is not free from doubt. Mr. Justice BRADLEY, sitting at circuit, has held that it has such power. *Railroad Co.* v. *Drew,* 3 Woods, 697. Mr. Justice BLATCHFORD, sitting in this circuit, has repeatedly refused to make such orders as the one now applied for, on the expressed ground of lack of power. Orders appointing special examiners have no doubt since been made here when both parties assented, or where some exceptional and peculiar state of facts was disclosed, but it is not a practice which should be encouraged. No case should come to trial upon evidence as to which there is the slightest doubt that the manner of its taking would sustain a conviction of perjury, if willful false swearing were proved. Where witnesses reside in the district, or within 100 miles of the place of holding the court, their attendance may be compelled before the regular examiner. If they are sick, or live beyond the 100-mile limit, they may be examined by commission; or if an oral examination is deemed more satisfactory, or notice has been given by either party that he desires the evidence to be taken orally, the Revised Statutes (section 863 *et seq.*) provide a simple and efficient mode for taking their testimony. *Bischoffscheim* v. *Baltzer,* 10 Fed. 1. To proceed to take testimony before special examiners, sitting, perhaps, in half a dozen different states, under general notices which do not give the names of the witnesses, thus compelling opposing counsel to attend in person, is alike expensive and unnecessary, and should for that reason be discountenanced, even if there were no doubts as to the power of the court to order the proofs to be taken in that manner. The motion is denied.