## GOSS PRINTING PRESS CO. v. SCOTT.

(Circuit Court, D. New Jersey. February 13, 1906.)

PATENTS—SUITS FOR INFRINGEMENT—ACCOUNTING BEFORE MASTER.

Semble that, on a reference for an accounting by defendant under a decree finding infringement of a patent, the defendant is the only "party accounting" within the meaning of equity rule 79, and complainant cannot be required to bring in an account as therein provided.

In Equity. On accounting before a master.

See 134 Fed. 880.

C. E. Pickard, for complainant.

Benjamin F. Lee and James G. K. Lee, for defendant.

CROSS, District Judge. A decree has been entered in the above cause declaring that the defendant has infringed a certain patent owned by the complainant for printing presses, and the ordinary reference was thereupon made to a master to ascertain the complainant's damages and the profits which the defendant has realized from said infringement. This accounting has proceeded for some time, and the complainant has rested its case without claiming damages. They were waived upon the argument, if indeed such waiver does not appear in the case upon the record before the master. The motion now before the court is that the complainant be required to present an account on its part.

The claim is made that proper practice requires the complainant to take and state an account in the form of debtor and creditor, as required by equity rule 79, and thereupon the defendant will have a right to disprove or surcharge the same. The complainant has taken proofs, which, it must be concluded, were satisfactory to it, since it has rested its case, showing the profits made by the defendant from the use of the complainant's patent. Nevertheless, upon demand made by defendant's counsel, it furnished a statement or claim, which subsequently upon further demand was particularized, in order that the defendant might know the extent and particulars of its claim. Counsel of complainant did this, as he says, ex gratia. The master having declined to further yield to the defendant's request, the matter is now before the court upon an application for an order directing the complainant to amplify and particularize and state in debit and credit form his said account. The defendant relies upon rule 79, but I think that rule has no applicability. It refers expressly to "parties accounting," and the complainant is not a party accounting. The defendant is the only party directed to account, and the only party accounting within the meaning of that rule. I have not been referred to any case holding that, under the circumstances here disclosed, the complainant is obliged to furnish to the defendant a claim, as it was called under the old chancery practice.

It is unnecessary, however, to determine that question upon this application, since I think the complainant has done all that can properly be required of it in any event. It makes no difference whether what he did was done compulsorily or by favor. It has been done, and is a part of the record; and it now remains for the defendant to admit the claim, or disprove or surcharge it, and, unless admitted, he should proceed thereto at once.