### BECKWITH v. MALLEABLE IRON RANGE CO.

(District Court, E. D. Wisconsin. March 7, 1912.)

1. PATENTS (§ 318*)—SUIT FOR INFRINGEMENT—ACCOUNTING—MEASURE OF PROFITS RECOVERABLE.

Where a patent is for a separable improvement on an old device, on an accounting by an infringer the patentee must clearly separate defendant's profits and his own damages between the patented and the unpatented features by showing that defendant made profits or sales by the use of the patented improvement which he would not have made by the use of any other device open to him.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 566–576; Dec. Dig. § 318.*

Accounting by infringer for profits, see note to Brickill v. Mayor, etc., of City of New York, 50 C. C. A. 8.]

2. PATENTS (§ 318*)—SUIT FOR INFRINGEMENT—ACCOUNTING BY INFRINGER.

On such an accounting, in which the burden of proof rests on complainant, the defendant cannot be required to furnish at its own expense, where such expense would be great, detailed statements containing all the information required to prove complainant's case. Equity rule 79, respecting ordinary accounting between debtor and creditor, is not applicable to such case.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 566–576; Dec. Dig. § 318.*]

In Equity. Suit by Arthur K. Beckwith against the Malleable Iron Range Company. On question certified by master respecting accounting.

Harry C. Howard and Fred L. Chappell, both of Kalamazoo, Mich., for complainant.

A. L. Morsell, of Milwaukee, Wis., and Thomas A. Banning, of Chicago, Ill., for defendant.

SANBORN, District Judge. This matter comes up on a certificate of the master for instructions in respect to a patent accounting, for infringement of a patent sustained in (C. C.) 174 Fed. 1001; (C. C. A.) 189 Fed. 74.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Complainant having a decree for profits and damages, the case was referred to a master:

"To ascertain, take and state, and report to the court, an account of the number of ranges embodying said invention and improvement * * * made, used, and sold by the defendant, and also the gains, profits, and advantages which the defendant has received, or have arisen or accrued to it, since the 18th day of April, 1905, from infringing the said exclusive rights of complainant by the manufacture, use, or sale of said improvement, * * * and damages which the complainant has suffered by said infringement, as well as, and in addition to, the aforesaid profits since said date of notice. * * * That the complainant, on said accounting, have the right to cause an examination of the officers and employés of defendant corporation ore tenus, or otherwise, and also the production of the books, vouchers, and documents of the corporation, * * * and that said complainant, or his representatives, shall at all reasonable times have access to the books, vouchers, and documents of defendant, and that if, in addition to the books, documents, and vouchers produced, any other books, vouchers, and documents are deemed necessary by the complainant for the ascertainment of damages and profits, then upon a showing to the master, and if the said master shall deem the same necessary, the defendant shall produce the same at such time and place as the master may designate, and in default thereof then complainant or his representatives may, upon the order of the master, have access to all such books, vouchers, and documents of defendant at its office in Beaver Dam, Wis."

[1] The patent device in question is a reservoir for a kitchen range. The range and reservoir may be sold or used either conjointly or separately, as may be preferred. Being an improvement to a device, as distinguished from an improved device, the case falls within the first rule laid down in Garretson v. Clark, 111 U. S. 120, 4 Sup. Ct. 291, 28 L. Ed. 371, where it is held:

"Where a patent is for an improvement, and not for an entirely new machine or contrivance, the patentee must show in what particulars his improvement has added to the usefulness of the machine or contrivance. He must separate its results distinctly from those of the other parts, so that the benefits distinctly derived from it may be distinctly seen and appreciated. The rule on this head is aptly stated by Mr. Justice Blatchford in the court below: 'The patentee,' he says, 'must in every case give evidence tending to separate or apportion the defendant's profits and the patentee's damages between the patented feature and the unpatented features, and such evidence must be reliable and tangible, and not conjectural or speculative.' "

Garretson v. Clark expresses the cardinal rule of patent accountings, and the case has been universally followed. It has been cited with approval by federal courts over 60 times, in the following among other cases: Keystone Mfg. Co. v. Adams, 151 U. S. 139, 147, 14 Sup. Ct. 295, 38 L. Ed. 103; McCreary v. Pennsylvania Canal Co., 141 U. S. 459, 12 Sup. Ct. 40, 40 L. Ed. 35; Westinghouse v. N. Y. Air Brake Co., 140 Fed. 545, 72 C. C. A. 61; Elgin Wind-Power & Pump Co. v. Nichols, 105 Fed. 780, 45 C. C. A. 49 (7th Circuit); Brown v. Lanyon Zinc Co., 179 Fed. 309, 102 C. C. A. 497. By this rule the complainant has the burden of proof as to profits and damages, except as to improvements of patented devices or processes made by defendant.

Other forms of reservoir ranges were well known at the time the infringement commenced, and complainant is entitled to the value of whatever he added to the art; that is, to the difference between his improved reservoir and any other which was open to the public,

or to the defendant, April 18, 1905, when notice of infringement was given. If by the use of the patent defendant made profits, using as the standard of comparison any such other reservoir so open to it, they belong to complainant. If there was no profit, then whatever saving there may have been in appropriating the patent over any other such device likewise may be recovered by way of profits. This adoption of a prior device as a standard of comparison in case of a separable improvement is the rule adopted in McCreary v. Pennsylvania Canal Co., 141 U. S. 459, 463, 12 Sup. Ct. 40, 35 L. Ed. 817, Brown v. Lanyon Zinc Co., 179 Fed. 309, 102 C. C. A. 497, American Street Flushing Machine Co. v. St. Louis Street F. M. Co. (C. C. A.) 192 Fed. 121, and Columbia Wire Co. v. Kokomo Steel & Wire Co., 194 Fed. 108, 114 C. C. A. ——, in this circuit.

[2] The master issued a summons to defendant, in substance like that in 3 Foster's Federal Practice, 2264, requiring it to render a sworn statement of account in writing showing the following information:

(a) Number of ranges made or sold during the infringing period, which contained the infringing reservoir.
(b) Names of purchasers.
(c) Dates of sales.
(d) Price received.
(e) Gains and profits made thereon.

The defendant was also required to specify in the account the following items:

(1) Whole number of infringing ranges made.
(2) Names and addresses of purchasers, date, number bought, and a complete description of the ranges so sold.
(3) Selling price of range without reservoir.
Selling price of reservoir without range, "together with the other elements of claim 11 of said patent."
Discount to purchasers.
Freight allowed to purchasers.
Rebate or credit allowed to purchaser.
Net amount received for range.
Net amount received for reservoir.
(4) Itemized manufacturer's cost of range.
Itemized cost for labor.
Itemized cost for material.
Itemized cost of reservoirs for material.
Itemized cost of reservoirs for labor.
Itemized cost of contact plates and attachments for material, same for labor.
(5) Cost and expense of sale of range with infringing reservoir.
(6) Entire profits on each sale of range with infringing reservoir.
(7) Same on account of use of patented features.
(8) Gains by use of infringing reservoir over the style formerly made by defendant.
Saving by use of same over the style formerly made.
(9) Sale price of range without reservoir.
Same of range with reservoir.
Actual cost of range without reservoir.
Same of range with reservoir.
(10) Produce all books and vouchers showing cost of labor and cost of material, especially day books, journals, ledgers, order books, blotters and cash books used during the infringing period.
Produce all such books and papers on which said data were originally entered.

Upon the return day of the summons, December 29, 1911, the parties appeared before the master, by their solicitors and counsel, and Silas McClure, defendant's secretary, appeared in person. Defendant's counsel moved to quash the master's summons, as unauthorized by the decree, at the same time offering defendant for examination by the master, or complainant's counsel. Counsel further stated that defendant had not made any account, because it was desired to have the method of procedure settled at the outset; and defendant refused to furnish the sworn report required until there should be a ruling on the motion to quash. It refused to report as required by the summons except as to the tenth paragraph, requiring the production of books and papers.

At this point complainant's counsel called Mr. McClure as a witness. He testified that the number of ranges with infringing reservoirs sold during the infringing period was 45,200, and that all the other information required was contained in defendant's account books. The master thereupon overruled the motion to quash, and the matter was continued to January 9, 1912. On that day the parties again appeared, and defendant produced a sworn statement, and 11 boxes of books and records. The statement showed the number of infringing ranges with reservoirs sold during the infringing period, but did not contain the other information required in the summons. The master adhered to his former ruling, stating that it appeared that defendant was able to furnish the required information, but that it would require considerable time and expense. Thereupon the matter was certified to the court for its directions.

It appears from the account presented, and an affidavit of a public accountant, that defendant's clerks cannot be conveniently spared from their regular work to prepare the accounting; that it took the accountant 13 days to find the number of ranges with reservoirs sold, which was 46,797; and that it would take about four months, and cost about $1,820, to procure all the information required by the summons. It further appears by the sworn statement of January 9, 1912, that defendant kept its books in the usual method of keeping the account books of a manufacturing concern, where many different articles are produced for sale.

Notwithstanding the settled rule of Garretson v. Clark, complainant contends that the burden of preparing the account was properly put upon defendant by the summons, no matter what the expense may be, and without reference to the weight which such account may have as evidence, or to the question of costs. His position is that equity rule 79, requiring parties to make accounts, applies to patent cases. This rule reads as follows:

"All parties accounting before a master shall bring in their respective accounts in the form of debtor and creditor; and any of the other parties, who shall not be satisfied with the accounts so brought in shall be at liberty to examine the accounting party viva voce, or upon interrogatories, in the master's office, or by deposition, as the master shall direct."

It would appear from an examination of many cases of patent accounting that equity rule 79 has been entirely ignored, although it is common practice for a master to require various reports and state-

ments from both parties. The rule is nearly a literal copy of one of the rules of the English Chancery adopted in 1828, before patent accountings were known. From the language used one would infer that it was intended to apply only to cases of accounts where one party owes money to another and where the burden is upon the debtor. It would not seem to fit a patent accounting where the burden is on the creditor. In view both of the practice and the language and history of the rule it may be laid on one side as entirely inapplicable. To follow its provisions in patent cases would shift the burden of proof from the plaintiff to the defendant, and thus run counter to the settled rule of all the federal courts.

Goss Printing Co. v. Scott (C. C.) 148 Fed. 393, is cited for complainant; but in that case the decree itself, a copy of which was produced on the hearing of this matter, required the defendant to bring in an account substantially in conformity with rule 79.

While the defendant cannot be compelled to assume the burden of proving complainant's case for him, the master may at any time call for such reports, accountings, and statements from defendant, or its officers or employés, as may in his judgment aid or expedite the result, and which will not entail any undue burden of expense or interference with defendant's business.

The master's summons should be quashed, and the accounting proceed as the master may direct.