### In re ROBERT GAIR CO.

(Circuit Court of Appeals, First Circuit. May 29, 1912.)

No. 978.

DEPOSITIONS (§ 57*)—FEDERAL STATUTE—COMPELLING WITNESS TO TESTIFY—TESTIMONY TAKEN BY AGREEMENT.

To authorize a federal court to compel answers by a witness being examined within the district in a suit pending in another district, as it is given power to do by Rev. St. § 868 (U. S. Comp. St. 1901, p. 664), a commission must have been issued for the taking of the testimony by the court in which the suit is pending and a subpœna issued by the clerk of the court where it is being taken as provided in said section.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. § 125; Dec. Dig. § 57.*]

In Equity. On petition of the Robert Gair Company. for mandamus. Petition dismissed.

Robert M. Pierson, of New York City, for petitioner.
Nathan Heard, of Boston, Mass., for respondent.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge. This petition grew out of the following circumstances: A bill in equity was brought against the petitioner in the Supreme Court of the District of Columbia for an alleged infringement of a patent for an invention, and issue thereon was duly joined. Pursuant to an agreement of counsel for the respective parties, the taking of evidence on the part of the complainant was begun before a notary public in the state of Massachusetts, proper notice thereof having been given; and a witness, one Haynes, had been under examination for the complainant. On the cross-examination he refused, on advice of counsel for the complainant, to answer certain questions put to him by counsel for the respondent; and thereupon the counsel for the respondent, called herein the petitioner, filed a motion in the United States District Court for the District of Massachusetts to compel an answer. The motion was heard, and dismissed for want of jurisdiction. The view we take of the case does not require that we should state it further than we have done.

The doubts of Judge Lacombe in Arnold v. Chesebrough (C. C.) 35 Fed. 16, as to appointing an examiner to take testimony outside of the district of the court having jurisdiction of the case have become obsolete, and are fully met by the opinion of the Circuit Court of Appeals for the Second Circuit in White v. Toledo Company, 79 Fed. 133, 24 C. C. A. 467. That establishes the proposition that the appointment of an examiner out of the district is fully supported

by section 868 of the Revised Statutes (U. S. Comp. St. 1901, p. 664) therein referred to. This seems to require that the witness should be named. Whether the witness was named in the case in the Second Circuit is not clear.

Also, McClellan v. Carland, 217 U. S. 268, 30 Sup. Ct. 501, 54 L. Ed. 762, has so far broadened out the prior decisions as to the jurisdiction of Circuit Courts of Appeals over writs of mandamus that apparently, as the present topic might have ripened into matters which would clearly be appealable to the Circuit Court of Appeals, mandamus might lie.

The fundamental difficulty is that the petition in this case shows that the examination was being conducted by consent of the parties, and that there was no commission as required by the Revised Statutes. They require that a commission should have been issued by the court for the taking of the testimony of the witness involved, and provide that thereupon a subpœna might be issued by the clerk of the federal court of the district where the witness was to be examined. It does not appear here that any subpœna issued, or that there was anything more than an agreement that an order might be entered appointing a special examiner nunc pro tunc. All this might be sufficient ordinarily to enable the court where a case is pending to control a witness after he has appeared voluntarily before it; but in the present case it is clearly a condition precedent that the statute should be strictly complied with. So far as we can see, the only remedy the petitioner has is to induce the court, if it can, to refuse to allow the deposition to be used on the ground of the refusal of the witness to submit to a full cross-examination, though as to that we express no opinion.

Let there be a decree dismissing the petition, with costs.