### In re BECKWITH.

(Circuit Court of Appeals, Seventh Circuit. January 8, 1913.)

#### No. 1,966.

1. COURTS (§ 265*)—APPELLATE COURT—ENFORCEMENT OF DECREE—MANDAMUS.

The Circuit Court of Appeals, having affirmed a judgment for complainant in a suit for patent infringement and remanded the case to the District Court for an accounting, had jurisdiction of a petition for mandamus to compel the trial court to overrule an objection to a master's summons requiring the defendant to render a sworn statement of account in accordance with Equity Rule 79 (New Rule 63, 198 Fed. xxxvii, 115 C. C. A. xxxvii); it appearing that the effect of withholding the writ would be to deprive complainant of relief.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 802–805; Dec. Dig. § 265.*]

2. PATENTS (§ 318*)—INFRINGEMENT—NATURE OF LIABILITY OF INFRINGER.

An infringer of a patent is a trustee ex maleficio for the owner of the exclusive right protected by the patent, and as such is bound to account for profits.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 566–576; Dec. Dig. § 318.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. PATENTS (§ 318*)—INFRINGEMENT—ACCOUNTING—DEFENDANT'S LIABILITY— EQUITY RULE—FURNISHING SWORN ACCOUNT.

Under Rev. St. § 4921 (U. S. Comp. St. 1901, p. 3395), providing that in case of an infringement of a patent the complainant shall be entitled to recover the profits to be accounted for by the defendant, defendant's duty to account in detail is within Equity Rule 79 (New Rule 63, 198 Fed. xxxvii, 115 C. C. A. xxxvii), providing that all parties accounting before a master shall bring in their respective accounts in the form of debtor and creditor, and any of the other parties who shall not be satisfied with the account so brought in shall be at liberty to examine the accounting party as the master shall direct, though the burden of proof of establishing profits is on the complainant and the making of the account will impose expense on defendant.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 566–576; Dec. Dig. § 318.*]

Petition by Arthur K. Beckwith for writ of mandamus to the Judge of the District Court. Granted.

See, also, Beckwith v. Malleable Iron Range Co., 195 Fed. 291; 201 Fed. 518.

This is an application for a writ of mandamus to the judge of the District Court to enforce proceedings for an accounting, pursuant to the mandate of this court, in the cause entitled Malleable Iron Range Co. v. Beckwith, 189 Fed. 74, 110 C. C. A. 638; and the hearing arises upon the petition filed by the complainant therein, as relator—under leave granted by this court in conformity with an opinion filed November 5, 1912—and the answer thereto of the defendant below, "as the party in interest for and on behalf and with the consent of the" District Judge referred to. The material facts involved are stated in the opinion.

Harry C. Howard and Fred L. Chappell, both of Kalamazoo, Mich., for petitioner.

Arthur L. Morsell, of Milwaukee, Wis., and Thomas A. Banning, of Chicago, Ill., for respondent.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

SEAMAN, Circuit Judge (after stating the facts as above). [1] The respondent's answer renews the objection raised against leave to file the petition, that the writ of mandamus is unauthorized for the relief sought by the petitioner. Although this challenge of jurisdiction was then considered and overruled in the opinion filed thereupon, we have re-examined the question, in the light of the present argument and authorities cited, and are impressed with no doubt of jurisdiction in the premises. The ruling complained of amounts to a denial of the accounting on the part of the respondent (defendant below), which is required by our mandate on appeal from the adjudication of infringement, if Equity Rule 79 is applicable to such accounting. It is averred in the petition and admitted by the answer, in substance: That, on reference to the master for an accounting under the decree, the master issued a summons to the defendant to "render a sworn statement of account, in writing, of the ranges which contained or embodied in any manner the device" of the patent claim whereof infringement was adjudged, specifying in purported conformity with the above-mentioned equity rule matters to be included in such statement; that

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

proceedings thereunder were arrested and the master's summons was quashed by the District Judge (then presiding), on certification by the master of "the question of requiring the defendant to comply with the summons," under a ruling, as stated in the answer, "that Equity Rule 79 had no application to accountings in patent cases," but the burden (both "legal" and "financial") must be placed upon the petitioner "to make the investigation and establish the facts which he claims will show or establish such profits" in use of the patent. So, while it appears from the opinion filed by the District Judge that the master was to proceed with "the accounting" (so called), his summons to the defendant for statements thereof was not only quashed as entirely unauthorized, but he was enjoined from procedure in any manner under the rule referred to, as requiring the defendant "to assume the burden of proving complainant's case for him," and from imposing "any undue burden of expense" upon the defendant in the matter. This ruling, therefore, obviously withholds the remedy of accounting as established in equity jurisprudence—which embraces as well various branches of relief in business relations and money transactions between the parties, and accountability for conversion or misuse of the property of another, real or personal, in all cases cognizable in equity —so that enforcement of the mandate in question is withheld, if the required accounting for profits and damages comes within the above-mentioned doctrine and rule for its administration. In such event, we are of opinion that the jurisdiction of this court extends to enforcement thereof by mandamus as the only available remedy. McClellan v. Carland, 217 U. S. 268, 279, 30 Sup. Ct. 501, 54 L. Ed. 762; Ex parte Chicago Title & Trust Co., 146 Fed. 742, 77 C. C. A. 408; Barber Asphalt Pav. Co. v. Morris, 132 Fed. 945, 952, 66 C. C. A. 55, 67 L. R. A. 761. The opinion in Barber Asphalt Pav. Co. v. Morris, supra—cited approvingly in McClellan v. Carland, supra—furnishes ample review of the authorities in support thereof, and the objection for want of jurisdiction is overruled.

Coming to the issue upon the merits of the petition, we believe the determination must hinge upon the inquiry whether the accounting required of this defendant, under the mandate, is within the above-stated general provision of equity for the remedy of accounting. That Equity Rule 79—made rule 63 in the new rules (198 Fed. xxxvii, 115 C. C. A. xxxvii) recently promulgated—is both applicable to such general provision and mandatory in its requirements, cannot be open to question.

[2, 3] The status of an infringer of a patent is well recognized as that of "a trustee ex maleficio for the owner of the exclusive right protected by the patent." Wales v. Waterbury Mfg. Co., 101 Fed. 126, 128, 41 C. C. A. 250. See, also, Root v. Railway Co., 105 U. S. 189, 190, 26 L. Ed. 975; Westinghouse Co. v. Wagner Mfg. Co., 225 U. S. 604, 613, 618, 32 Sup. Ct. 691, 56 L. Ed. 1222. Moreover, section 4921, R. S. (3 U. S. Comp. Stat. p. 3395), provides, in effect, "that in case of infringement the complainant shall be entitled to recover the 'profits to be *accounted* for by the defendant.'" Westinghouse Co. v. Wagner Co., supra. Therefore, when the cause is equitable and

infringement is decreed, we believe the nature of the liability and statutory purpose (referred to) concur in fixing the accounting for profits thereupon to be within the above-mentioned provision of equity, and we do not understand the general rule of patent law, in respect of the burden resting on the complainant to prove profits "attributable to the patented feature" (Garretson v. Clark, 111 U. S. 120, 4 Sup. Ct. 291, 28 L. Ed. 371), to be inconsistent with the foregoing interpretation of the accounting. Confusion appears to have arisen, as we believe, in the application of the rule of Garretson v. Clark to the method of accounting in equity, as prescribed both by Equity Rule 79 and by the statute above cited. In the recent case of Westinghouse Co. v. Wagner Mfg. Co., supra, the meaning of the rule as to the burden of proof, when the invention is used by the infringer in a structure combining other improvements and means and "creates only a part of the profits," is well explained and limited in its application; and the opinion quotes with approval like limitation stated in the ruling of the Circuit Court of Appeals for the Sixth Circuit, in Brennan & Co. v. Dowagiac Mfg. Co., 162 Fed. 472, 476, 89 C. C. A. 392. Thus understood, while the burden rests on the complainant to establish both fact and amount of profit attributable to the infringement—wherein he is entitled, as of course, to an examination of the defendant and his books of account and other means of information for proof thereof—we are of opinion as well that equity confers the right to the statement of account on the part of the defendant, required of the accounting party under rule 79, irrespective of the doctrine referred to as to the burden of proving profits. No substantial ground appears or is suggested which should exempt the accounting in patent causes from such equity rule, and we understand it to be well recognized by the authorities as applicable thereto. Wales v. Waterbury Mfg. Co., 101 Fed. 126, 41 C. C. A. 250; Brennan & Co. v. Dowagiac Mfg. Co., 162 Fed. 472, 89 C. C. A. 392; Goss Printing Press Co. v. Scott (C. C.) 148 Fed. 393; Walker on Patents, § 740; Hopkins on Patents, § 412.

The purpose "of requiring the accounting party to bring in his account in the form of debtor and creditor is to compel discovery from him as to the details of the transaction under investigation." 2 Bates on Fed. Eq. Prac. § 759. See, also, 1 Pomeroy, Eq. Jur. §§ 223–239. So, ascertainment of the profits attributable to the infringement requires such discovery, not alone of the gross sales, but of all items of cost entering into the production and sale, which are presumptively within the knowledge or means of information possessed by the infringing manufacturer. In reference to these items, it is rightly averred in the defendant's answer that they involve "many factors and considerations which do not enter into ordinary accountings"; that to ascertain the profits "many deductions are allowed to the defendant" for various expenses, including "proportional overhead expenses" entering into the production and sale. Nevertheless, they are plainly capable of specification in the form of debits and credits for the purposes of the accounting, and the complications mentioned, together with the fact that the items are within the exclusive knowledge and possession

of the defendant furnish ample ground for such specification in conformity with the equity rule. It cannot reasonably be assumed that these items entering into the cost appear in detail in the ordinary books of account; but, in whatever form the information is preserved or may be obtained by the manufacturer, we believe it to be both the purpose of the rule and in accord with equity to require the defendant, at the outset of the accounting, to make the needful investigation and state the items in detail—having effect, as well, of his admissions of fact and of statements under oath—and thus perform his just part in narrowing the issue upon the accounting to items and matters which are in actual controversy between the parties.

The answer does not deny possession of the information referred to, and, if not equivalent to an admission thereof, it may reasonably be inferred that the defendant, engaged extensively in the manufacture and sale of the products in question, in accord with the well-known need and practice of manufacturers generally, has information of the various items of cost entering therein as required for fixing the value and price of products. Complaint is made, however, that large expense and labor would be involved in preparing the statements, imposing a burden upon the defendant which should be borne by the complainant under the general rule referred to. But this contention is without force, in the light both of the equities thus far settled and of the rule of equity thereupon.

We are neither required nor authorized to determine the questions suggested in the argument, either whether the master's summons includes requirements not within rule 79, or which thereof seem to be questionable. As indicated above, requirements appear therein which are within the rule, and the summons was quashed for the reason alone that the District Judge denied application of that rule to the accounting. It is for the chancellor presiding therein to determine the matters of account to be stated by the defendant under the rule, in the form of debtor and credit items, when found to be applicable to such accounting.

We are of opinion, therefore, that the petitioner is entitled to the writ to require obedience to the mandate for an accounting by the defendant, pursuant to Equity Rule 79 and the foregoing ruling upon its applicability, and the alternative writ issued herein is accordingly made peremptory.