HAMMOND LUMBER CO. v. UNITED STATES DISTRICT COURT FOR DISTRICT OF OREGON et al.

(Circuit Court of Appeals, Ninth Circuit. February 5, 1917.)

No. 2874.

1. PROHIBITION ⬳3(1), 10(1)—AUTHORITY TO ISSUE—EXISTENCE OF OTHER REMEDY.

A writ of prohibition to an inferior court will not issue, unless it is clearly shown that such court is about to exceed its jurisdiction and that petitioner is without other remedy; and such condition is not shown where, although petitioner has filed exceptions to the jurisdiction, they have not been presented to the court for its action.

[Ed. Note.—For other cases, see Prohibition, Cent. Dig. §§ 4, 37–42.]

2. COURTS ⬳404—JURISDICTION OF CIRCUIT COURTS OF APPEALS—MANDAMUS AND PROHIBITION.

The Circuit Courts of Appeals have no power to issue writs of mandamus or prohibition by virtue of the fact alone that they have appellate jurisdiction to review judgments and decrees of the District Courts; but the exercise of that jurisdiction rests upon the fact that the issuance thereof is auxiliary to and is necessary for the protection of the appellate jurisdiction of the court issuing the same, which might otherwise be defeated by the unauthorized action of the court below.

3. COURTS ⬳404—JURISDICTION OF CIRCUIT COURTS OF APPEALS—PROHIBITION.

A Circuit Court of Appeals is without power to issue a writ of prohibition to a District Court, where the alleged want of jurisdiction of the latter is over the subject-matter alone, upon which question the Circuit Court of Appeals would have no appellate jurisdiction.

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Petition of Hammond Lumber Company for writ of prohibition to the United States District Court for the District of Oregon and Charles E. Wolverton and Robert S. Bean, Judges thereof. Writ denied.

The Hammond Lumber Company filed in this court its petition for a writ of prohibition to the judges of the District Court of the United States for the District of Oregon, and thereon an order was made to show cause. The facts alleged in the petition are in substance the following: That on November 9, 1911, the Hammond Lumber Company commenced an action in the circuit court of Clatsop county, Or., against the Shipowners' & Merchants' Tugboat Company, for the recovery of $71,249.90, for breach of a contract of towage which occurred on September 9, 1911. Issue was joined in that action. Thereafter, on February 27, 1912, the Tugboat Company filed in the District Court for the Northern District of California a petition for limitation of liability, and on March 30, 1912, after appraisement, it gave bonds in the sum of $115,000, the value of the two tugs, which it surrendered, which bonds bore interest from September 9, 1911. The bonds were approved. On July 30, 1912, the Hammond Lumber Company filed in the limitation proceeding its claim in the sum of $71,249.90 and interest. Default was taken in that proceeding as to all other claimants, and later a decree was entered dismissing the petition as to the Lumber Company, on the ground that but a single claim had been presented, and the amount thereof was less than the fund. The decree contained the following: "It is further ordered, adjudged and decreed that the above order and decree shall in no way affect the rights of the petitioner here acquired, if any there be, against any other persons entitled to file claims herein, if any there be." The court said in its opinion: "The court, however, will retain jurisdiction of the proceedings for the protection of petitioner against any other possible claims." The Dauntless (D. C.) 212 Fed. 455. No final decree was taken in the proceeding. The Tugboat Company took an appeal, and this court thereupon affirmed the decree of the court below, holding that since there was but a single claim, and that claim was for less than the fund, the proceeding was properly dismissed as to that claimant. Shipowners' Tugboat Co. v. Hammond Lumber Co., 218 Fed. 161, 134 C. C. A. 575. The Tugboat Company petitioned for a rehearing, and thereafter petitioned the Supreme Court for certiorari, which was denied. These steps delayed the trial in the state court, so that it was not had until November 18, 1915. On that trial a jury was waived. The complaint was permitted to be amended, so as to show that the plaintiff's loss was $110,983.13. On July 21, 1916, while the cause was still under advisement, the Tugboat Company filed in the District Court for the District of Oregon a second petition for limitation of liability. In that petition it recited the pendency of the former proceeding, and alleged that the same had been dismissed only as to the Lumber Company. The District Court for Oregon appraised the tugs ex parte, and upon filing of the bond made an ex parte order for the issuance of process, and by the filing of a bond further proceeding of the action in the state court was stayed. Thereafter the Tugboat Company dismissed the first proceeding in the District Court for the Northern District of California.

The petition for the writ of prohibition further alleged that the Tugboat Company's petition in the second limitation proceeding sets forth that the value of the two vessels, constituting the fund, was $115,000, as at the termination of the voyage, and that the claim of the Lumber Company at that date was $111,153.92, so that the amount of the fund exceeds the amount of the claim, and that therefore no jurisdiction appears on the face of that petition. A writ of prohibition was prayed for, to issue to the judges of the District Court for the District of Oregon, to prohibit them and said court from proceeding further in said second limitation proceeding.

William Denman and W. S. Burnett, both of San Francisco, Cal., for petitioner.

Ira A. Campbell and McCutchen, Olney & Willard, all of San Francisco, Cal., and Wallace McCamant and Snow, McCamant & Bronaugh, all of Portland, Or., for respondents.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] We are inclined to the view that the allegations of the petition are insufficient to show ground for the writ of prohibition, for it does not appear therefrom that the District Court of Oregon has ruled upon, or has had the opportunity to rule upon, the question of its own jurisdiction. While the Hammond Lumber Company has filed in that court its exceptions to the jurisdiction, the exceptions have not been brought on for hearing. In Smith v. Whitney, 116 U. S. 167, 6 Sup. Ct. 570, 29 L. Ed. 601, it was said: ,

"A writ of prohibition is never to be issued, unless it clearly appears that the inferior court is about to exceed its jurisdiction."

And elsewhere in the same opinion it was said that where the inferior court—

"has clearly no jurisdiction of the suit or prosecution instituted before it, and the defendant therein has objected to its jurisdiction at the outset, and has no other remedy, he is entitled to a writ of prohibition as a matter of right."

That rule has been reaffirmed. In re Rice, 155 U. S. 396, 15 Sup. Ct. 149, 39 L. Ed. 198; In re New York, etc., Steamship Co., 155 U. S. 523, 15 Sup. Ct. 183, 39 L. Ed. 246; In re Huguley Mfg. Co., 184 U. S. 297, 22 Sup. Ct. 455, 46 L. Ed. 549; Ex parte Oklahoma, 220 U. S. 191, 31 Sup. Ct. 426, 55 L. Ed. 431. It does not appear, therefore, that the petitioner has no other remedy than prohibition. For aught that the petition shows to the contrary, the District Court for Oregon will, when its attention is directed to the exceptions, deny its jurisdiction and dismiss the proceeding.

[2] But we are of the opinion that, if the petition for the writ alleged facts sufficient to show that the petitioner had no other remedy, this court would have no jurisdiction to issue the writ. The question whether and under what circumstances a Circuit Court of Appeals has jurisdiction to issue writs such as mandamus and prohibition in aid of its appellate jurisdiction, in cases where it has not actually obtained jurisdiction by appeal or writ of error, was finally determined in McClellan v. Carland, 217 U. S. 268, 30 Sup. Ct. 501, 54 L. Ed. 762, in which the court said:

"There are not wanting decisions in the federal courts, holding different views as to the right to issue such writs as are involved in this case, before the appellate court has actually obtained jurisdiction of the case. There are expressions in opinions of this court to the effect that such writs issue in aid of a jurisdiction actually acquired. But we think it the true rule that, where a case is within the appellate jurisdiction of the higher court, a writ of mandamus may issue in aid of the appellate jurisdiction which might otherwise be defeated by the unauthorized action of the court below."

The court in that case cited Barber Asphalt Co. v. Morris, 132 Fed. 945, 66 C. C. A. 55, 67 L. R. A. 761, in which it had been held that the test of appellate jurisdiction, in the exercise and aid of which the courts of appeal may issue writs of mandamus, is the existence of that jurisdiction, not its prior invocation. That was a case of a petition for mandamus to a District Judge, directing him to proceed to the trial and determination of an action at law which had been stayed by

an order of the court until the final determination of certain appeals then pending in a state court. The rule of McClellan v. Carland is not modified by United States v. Mayer, 235 U. S. 55, 35 Sup. Ct. 16, 59 L. Ed. 129, in which the court said that the jurisdiction of the Circuit Courts of Appeals is exclusively appellate, and their authority to issue writs is only that which may properly be deemed to be auxiliary to their appellate power, for to that proposition the court cited McClellan v. Carland, and it must be taken that the language so quoted from the opinion in the Mayer Case means that, while the Circuit Courts of Appeals may issue such writs in cases where jurisdiction has not actually been acquired by appeal or writ of error, their authority is limited to cases in which the purpose of the writ is to make the appellate jurisdiction effectual. The Circuit Court of Appeals for the First Circuit (In re Robert Gair Co., 196 Fed. 492, 116 C. C. A. 57) applied the doctrine of McClellan v. Carland to a case where the purpose of the writ was to compel answers by a witness who was being examined in the District Court. So in Re Beckwith, 203 Fed. 45, 121 C. C. A. 381, the Circuit Court of Appeals for the Seventh Circuit entertained jurisdiction of a writ of mandamus to the District Court to enforce proceedings for an accounting pursuant to the mandate of the Circuit Court of Appeals. In re Dennett, 215, Fed. 673, 131 C. C. A. 607, this court issued mandamus to a District Court and the judge thereof, to review the action of that court in attempting to modify a prior decree on a motion made after the term at which such decree was entered; and in Re Watts, 214 Fed. 80, 130 C. C. A. 520, the Circuit Court of Appeals for the Second Circuit issued a writ of mandamus to compel a District Court to enter judgment in order that the defeated party might have review by writ of error. And in the Barber Asphalt Paving Co. Case, above cited, the court distinguished the case there under consideration from cases in which the courts to which the applications for mandamus were made—

"had no present or prospective right to review the cases to which the applications related, and in which the applications for the writs of mandamus were accordingly denied."

The decision of this court in Ex parte Equitable Trust Co., 231 Fed. 571, 145 C. C. A. 457, cited by the petitioner, is not inconsistent with the doctrine of the foregoing decisions. That case was before this court on appeal from an interlocutory order and on petitions for prohibition and mandamus. Prohibition was allowed as to an order of the District Court, which we held was in excess of its jurisdiction, which would have brought into the pending suit for the foreclosure of a railroad mortgage certain other parties to interplead, and thus would have indefinitely delayed the foreclosure decree. Prohibition in that case was in aid of the appellate jurisdiction of this court. It is the doctrine of the foregoing cases that the Circuit Courts of Appeals have no power to issue the writ by virtue of the fact alone that they have appellate jurisdiction to review judgments and decrees of the District Courts, but that the exercise of that jurisdiction rests upon the fact that the issuance thereof is auxiliary to and is necessary for the protection of the appellate jurisdiction of the court which issues

the same. In the case at bar the writ is not sought for any such purpose. It is sought for the purpose of prohibiting the court below from proceeding further with a cause. If prohibition is allowed, the appellate jurisdiction of this court will never be invoked over the case against which the writ is directed. In short, the writ is not sought in aid of appellate jurisdiction of this court, "which might otherwise be defeated by the unauthorized action of the court below."

[3] Again, the only ground alleged for prohibition is the lack of jurisdiction of the court below, not jurisdiction of the parties, but jurisdiction of the subject-matter. On that question of the jurisdiction alone there would be no appeal to this court. The appeal would necessarily be to the Supreme Court. In United States v. Sessions, 205 Fed. 502, 123 C. C. A. 570, the Circuit Court of Appeals for the Sixth Circuit said:

"This court has no power, even on error or appeal, to review a decision of the District Court which involves only a question of the jurisdiction of that court. The remedy lies exclusively in the Supreme Court."

That was a case in which mandamus was sought to require a District Judge to dismiss a certain cause from the District Court and remand it to the state court. The Circuit Court of Appeals, in denying its jurisdiction, said:

"The right in this court to issue writs of mandamus is incidental to other powers expressly conferred; and it need not be said that, since the power to review simply a question of jurisdiction in the court below does not reside in this court, there is nothing to which the right to issue such a writ can be said to be an incident."

In Re Garrosi, 229 Fed. 363, 143 C. C. A. 483, Judge Bingham, in a concurring opinion, in view of the fact that the question raised as to the jurisdiction of the District Court was one which related to its jurisdiction over the subject-matter of the suit, said:

"We think that the question is reviewable by writ of error or appeal to the Supreme Court under section 5 of the act of 1891 [Comp. St. 1913, § 1215], and not to this court, and, such being the case, that this court is without jurisdiction to issue the writ of mandamus."

In United States v. Severens, 71 Fed. 768, 18 C. C. A. 314, Judge Taft, for the court, said:

"The right to issue writs of mandamus, of course, is incidental to the other powers expressly conferred upon this court, and does not arise, except where it is thus incidental. As we could not consider a case on error presenting alone the issue of jurisdiction of the court below, we cannot exercise an appellate jurisdiction over the same subject-matter by mandamus."

In Dowagiac Mfg. Co. v. McSherry Mfg. Co., 155 Fed. 524, 84 C. C. A. 38, it was held that a Circuit Court of Appeals has no power to interfere by mandamus with the action of a Circuit Court, where the question involved relates to its jurisdiction as a Circuit Court of the United States, but the application in such case must be made to the Supreme Court.

The petition will be dismissed.