### In re EILERS MUSIC HOUSE.

### EILERS MUSIC HOUSE et al. v. SITTON.

(Circuit Court of Appeals, Ninth Circuit. December 4, 1922.)

### No. 3864.

On Petition to Revise.

1. Bankruptcy ☞225—Verbal notice to attorneys of hearing of motion by referee sufficient.

Verbal notice to attorneys for bankrupt of the time for hearing of a motion before a referee is sufficient, where not objected to.

2. Bankruptcy ☞228—Order of referee held not reviewable.

An order of a referee approving the report of the trustee, after due notice to bankrupt's attorneys, *held* not subject to review by them, where they did not appear nor thereafter move to set it aside.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

On Petition for Writ of Prohibition.

**3. Courts ⬤⇒404—Circuit Court of Appeals may issue writ only in aid of its appellate jurisdiction.**

The Circuit Court of Appeals has power to issue a writ of prohibition to restrain action by a lower court only when issuance of the writ is auxiliary to and necessary for the protection of its appellate jurisdiction, which might otherwise be defeated by the unauthorized action of the court below.

On Petition to Revise Order of, and Petition for Writ of Prohibition to the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

In the matter of the Eilers Music House, bankrupt; H. W. Sitton, trustee. On petition by bankrupt and others to revise order of District Court. Petition dismissed.

Petition by Eilers Music House, bankrupt, for writ of prohibition. Writ denied.

See, also, 274 Fed. 330.

William H. Wylie, of Oakland, Cal., and C. A. A. McGee, of San Francisco, Cal., and Thomas Mannix, of Portland, Or. (Arthur Dalliba Thomson, of San Francisco, Cal., of counsel), for petitioners.

W. C. Bristol, of Portland, Or., for respondent.

Before GILBERT and HUNT, Circuit Judges, and RUDKIN, District Judge.

On Petition to Revise.

GILBERT, Circuit Judge. Eilers Music House, a corporation, and Oregon Eilers Music House, a corporation, and H. J. Eilers, majority stockholder of Eilers Music House, filed their petition for revision, alleging substantially the following facts:

On November 10, 1921, Eilers Music House, a bankrupt, offered its creditors, and they accepted, a composition which on January 7, 1922, was duly approved and confirmed by the District Court. On February 3, 1922, the trustee filed with the referee his final report and account. On February 14, 1922, the bankrupt, "who under the composition became vested with all the property remaining in the hands of the trustee at the time of the composition," filed its exceptions to the account and report. On February 15, 1922, the trustee filed a motion to strike the exceptions. The copy of the motion served on the bankrupt contained no notice of the time and place of the hearing thereof. On February 20th, the referee heard the motion and struck from the record the said exceptions, on the ground that they were sham and frivolous, and that the bankrupt had no right to file exceptions to the trustee's account after the court's order approving the composition. On February 27, 1922, at a creditors' meeting, the bankrupt again offered its exceptions, and the referee refused and declined to consider the same. On March 1, 1922, the bankrupt filed with the referee its petition to revise the latter's order of February 20, 1922, which petition was on April 3, 1922, heard before the District Court, and on April 11, 1922, the court made its order that the petition be

dismissed and that the decisions and orders of the referee be affirmed and approved. The bankrupt, in its petition for revision in this court, asked for correction of said action of the court below and of the referee, and that their exceptions to the final account and report of the trustee might be heard and allowed.

The petitioner argues that the case presents the question of the right of a bankrupt to file exceptions to the trustee's final report and account, after composition has been confirmed and the bankruptcy proceedings dismissed, and the power of the referee to strike such exceptions from the record without notice to the bankrupt, and the validity of a referee's order, which fails in such a case to state that notice was given and the manner thereof.

The trustee moves to dismiss the petition. One of the grounds of the motion is that all the matters contained in the trustee's final account and report had been agreed to, settled, and adjudicated in the agreement of composition and confirmation thereof, to which the petitioners here were parties, and that the said referee's final account and report was filed and presented solely at the instance of the said petitioners, and for the purpose of aiding them in adjusting a controversy between themselves and their attorneys. But the matters so stated as grounds for dismissal do not appear in the record which is before us.

[1, 2] We are of the opinion that the petition for revision should be dismissed on the following ground: Prior to the time when the final account was set for hearing before the referee the bankrupt filed its exceptions thereto. The trustee moved to strike the exceptions from the files and served his motion upon the bankrupt's attorneys. The motion was set for hearing by the referee, and the bankrupt's attorneys received verbal notice of the time of the hearing. They made no objection to the notice on the ground of its insufficiency. They made no appearance at the hearing. The referee, after the allowance of the motion to strike out the exceptions, set the final account for hearing at a day and hour specified, and the bankrupt's attorneys were notified thereof. They made no objection at that hearing, and the report was thereupon approved by the referee. Thereafter the bankrupt sought to review the referee's order in so disposing of said exceptions, and by petition it presented the question to the District Court. The court dismissed the petition for review on the ground that the bankrupt and his attorneys had due notice of the time of the hearing before the referee, and held that under the practice in the bankruptcy court the verbal notice was sufficient, and that in any event the bankrupt's attorneys should have applied to the referee to vacate the order or to give them an opportunity to object before the final approval of the report. We think the District Court properly disposed of the questions so presented.

The petition is dismissed.

## On Petition for Writ of Prohibition.

[3] The petitioners seek a writ of prohibition from this court directed to the District Court of the United States for the District of Oregon restraining that court from further proceeding in the admin-

istration of the assets of the bankruptcy estate of Eilers Music House and Oregon Eilers Music House; the contention being that all jurisdiction of such subject-matter was divested upon the filing of the petition of said petitioners to revise and review certain proceedings in that court. This court has power to issue the writ of prohibition in aid of its appellate jurisdiction only when the issuance of the writ is auxiliary to and is necessary for the protection of the appellate jurisdiction of this court, which might otherwise be defeated by the unauthorized action of the court below. Hammond Lumber Co. v. U. S. District Court, 240 Fed. 924, 153 C. C. A. 610; McClellan v. Carland, 217 U. S 268, 30 Sup. Ct. 501, 54 L. Ed. 762. The question presented by the petition is the jurisdiction of the court below to deal with the subject-matter which it is alleged was pending before it. In such a case the appellate jurisdiction is lodged in the Supreme Court of the United States. In any view of the facts alleged in the petition, there is no jurisdiction in this court to issue the writ.

The writ is denied, and the petition dismissed.

HUNT, Circuit Judge, and RUDKIN, District Judge, concur in the denial of the petition for writ of prohibition, but express no opinion upon the question of the jurisdiction of the Supreme Court.