[No. 8,186.—Department One.]
July 27, 1882.

## LOS ANGELES COUNTY BANK *v.* PLATT A. RAYNOR.

SHERIFF'S DEED—EVIDENCE—EJECTMENT.—In an action of ejectment upon a sheriff's deed against the defendant in execution it is not necessary for the plaintiff who claims as a purchaser under the execution to do more than show the judgment of a Court of competent jurisdiction, the execution issued thereon, and the sheriff's deed.

ID.—EXECUTION—JUDGMENT.—The enforcement of a judgment does not depend upon its entry or docketing. These are merely ministerial acts, the first of which is required to be done for putting in motion the right of appeal from the judgment itself, and of limiting the time within which the right may be exercised or in which the judgment may be enforced, and the other for the purpose of creating a lien by the judgment upon the real property of the debtor; but neither is necessary for the issuance of an execution upon a judgment which has been duly rendered. Without docketing or entry, execution may be issued on the judgment, and land levied upon and sold; and the deed executed by the sheriff, in fulfillment of the sale, not only proves the sale, but also estops the defendant from controverting the title acquired by it.

APPEAL from a judgment for the plaintiff in the Superior Court of the County of San Bernardino. ROLFE, J.

*Paris & Goodall,* for Appellant.

The Court erred in admitting in evidence the judgment roll, the writ of execution and the return thereon, and the Sheriff's deed, against the defendant's objections. (C. C. P., §§ 668, 681; *Casement* v. *Ringgold,* 28 Cal. 339; Freeman on Judgment, §§ 40, 409; Freeman on Executions, § 24; *Sharp* v. *Lumley,* 34 Cal. 614; *Penniman* v. *Cole,* 8 Met. 496.)

*Bennett & Wigginton,* also for Appellant.

*Satterwhite & Curtis,* for Respondent.

Is an execution void, which is issued after judgment rendered, but before it is entered? (*Lynch* v. *Kelly,* 41 Cal. 232; see C. C. P., §§ 681 and 901; *Fish* v. *Emerson,* 44 N. Y. 376; *Jones* v. *Carnahan,* 63 Ind. 229; *Franklin* v. *Merida,* 50 Cal. 289.)

The entry of a judgment adds nothing to its validity. (Freeman on Ex., § 18; Freeman on Judgments, §§ 40, 41; C.

C. P., § 475; *Casement* v. *Ringgold*, 28 Cal. 339; *Van Alstyne* v. *Cook*, 25 N. Y. 489; 3 Wait's Practice, 584, 713.)

McKEE, J.:

This was an action for recovering the possession of a tract of land.

At the trial of the issue made by the complaint and answer, the plaintiff, to prove his right of entry, offered in evidence the judgment roll in the case of the Los Angeles County Bank v. the defendant, P. A. Raynor, and others. The roll showed that an action had been·commenced in the late District Court of San Bernardino County, on May 2, 1876, to foreclose a mortgage given by Raynor to the bank upon the land in dispute; that summons had been duly issued, and was personally served on Raynor, who made default; and that, after his default had been entered, the Court made and filed its written finding and conclusions of law, upon which judgment was duly given and signed by the Judge, June 27, 1876; but·the judgment was not entered in the judgment book until March 21, 1881, when it was then indorsed by the Clerk of the Court "Entered as of June 26, 1876, by stipulation of the defendant Raynor." The plaintiff also offered in evidence an execution issued on the judgment June 27, 1876; the return of the Sheriff indorsed thereon August 1, 1876, showing that he had sold the premises to the plaintiff, and a deed of the premises made by the Sheriff to the plaintiff, February 1, 1877.

To each of these offers the defendant objected, that there had never been any legal entry of the judgment; that the execution was issued and returned before any proper or legal entry of the judgment; and that, in consequence, the execution sale and Sheriff's deed were irregular and void, and passed no title. The objections were overruled and the defendant excepted. We think the exception was not well taken.

In an action of ejectment against a defendant in execution, it is not necessary for the plaintiff, who claims as a purchaser under the execution, to do more than show the judgment of a Court of competent jurisdiction, the execution issued thereon, and the Sheriff's deed. Upon proof of these things, the plaintiff makes out at least a *prima facie* case against the defendant. It is not claimed that the judgment in evidence, given

on the 27th of June, 1876, was void. Being valid it was enforceable by execution; and the execution which was issued to enforce it, was sufficient authority to the Sheriff into whose hands it came, to make the sale of the land in controversy. The Sheriff's deed proved the sale; and the legal presumption is that all the acts of the officer which preceded the sale had been duly performed. (*Hihn* v. *Peck*, 30 Cal. 280; *Donahue* v. *McNulty*, 24 id. 417; *Berry* v. *S. F. & N. P. R. R. Co.*, 44 id. 643.) Every intendment must be indulged in favor of the validity of the proceedings not inconsistent with the record.

But it is urged that the record shows that the judgment was not entered when the execution was issued. Nor was it necessary that it should have been. The enforcement of a judgment does not depend upon its entry or docketing. These are merely ministerial acts, the first of which is required to be done for putting in motion the right of appeal from the judgment itself, and of limiting the time within which the right may be exercised (§ 681, C. C. P.), or in which the judgment may be enforced (§ 685, id.); and the other, for the purpose of creating a lien by the judgment upon the real property of the debtor. (§ 671, C. C. P.) But neither is necessary for the issuance of an execution upon a judgment which has been duly rendered. Without docketing or entry execution may be issued on the judgment and land levied upon and sold (*Hastings* v. *Cunningham*, 39 Cal. 144); and the deed executed by the Sheriff, in fulfillment of the sale, not only proves the sale, but also estops the defendant from controverting the title acquired by it. (*Dodge* v. *Walley*, 22 Cal. 224; *McDonald* v. *Badger*, 23 id. 399; *Lessee of Cooper* v. *Galbraith*, 3 Wash. C. C. 550; *Blood* v. *Light*, 38 Cal. 649.)

The finding covers the issues.

Judgment affirmed.

McKinstry and Ross, JJ., concurred in the judgment.