[No. 613.   October 12, 1895.]

UNION TRUST COMPANY OF NEW YORK, APPELLANT, v. ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY; J. H. MADDEN, INTERVENER, APPELLEE.

JUDGMENT—VALIDITY.—Where the record showed that the court ruled the "defendant A., T. & S. F. R. R. Co., to plead," and when the plea was filed, it used, as the title of the case, "James H. Madden v. N. M. & S. P. R. R. Co.," and then followed the plea, "and defendant, the Atchison, Topeka and Santa Fe Railroad Company, by its attorney, * * *" and issue was joined on this plea, trial had, and judgment entered, though the record was confused, it was sufficient to sustain the judgment.

ID.—IMPEACHMENT OF RECORD—CLERICAL OMISSIONS.—The record of a judgment can not be impeached by an ex parte affidavit; nor can mere clerical omissions by the clerk, as to the entry, defeat the judgment.

ID.—ORDER BY CONSENT—VALIDITY.—An order of court, made by consent of the parties, in a proceeding for the foreclosure of a mortgage and the appointment of receivers, requiring them to pay certain outstanding claims against the insolvent, is binding upon the parties until set aside by the court making the order.

Id.—Former Decision on Identical Question—Res Adjudicata.—A decision of this court in a cause, on a former appeal, that the reversal of the judgment in the cause as to one of the defendants did not operate as a reversal as to the other, is res adjudicata as to the same question raised on a second appeal in the cause.

Appeal, from the First Judicial District Court, Santa Fe County, directing the receivers to pay intervener the amount due him on the judgment in his favor. Affirmed.

The facts are stated in the opinion of the court.

H. L. Waldo and W. B. Childers for appellant.

The judgment of November 11, 1892, was a judgment against the New Mexico & Southern Pacific Railroad Company, alone. But if it should be held that the entry, as appears of record of that date can not be impeached, it is still contended that to all legal intents the letters "A., T. & S. F. R. R. Co.," are so many hieroglyphics, and mean nothing. The court can not import into them a significance other than that which they bear on their face. Accola v. R. R., 30 N. W. Rep. 503.

"In an action of trespass against three, if one dies pending the writ, and yet judgment is given against all three in writ of error upon this judgment, the whole judgment shall be reversed, because it is entire, though the writ by the death abates but against one." 3 Bac. Abr., p. 383. See, also, Richards v. Walton, 10 N. Y. C. L. Rep. 434; Sheldon v. Quinlan, 5 Hill. 442; Frazier v. Williams, 24 Ohio St. 627; Powers v. Irish, 23 Mich. 439; Fuller v. Robb, 26 Ill. 248; Kimball v. Tanner, 63 Id. 521; Rush v. Rush, 19 Mo. 442; Ins. Co. v. Clover, 36 Id. 393; Williams v. Bank, 11 Wheat, 414; Mussins v. Cabazos, 20 How. 230; Shelden v. Clifton, 23 Id. 481; Masterson v. Howard, 10 Wall. 416; Freem. on Judg., sec. 136, and citations; 1 Black, sec. 211, and citations; 2 Bac. Abr. [1 Am. from 6 London Ed.], p. 500.

But if the judgment be considered as a valid judgment, it was a lien on real estate for sixty days after its rendition, and no longer. The first entry was made in November, 1891, the second in November, 1892. The receivers were appointed in March, 1894. A judgment is not a lien on real estate except by compliance with the act of 1891. Acts 1891, chap. 67, p. 125.

As to personal property, of course only an execution is a lien. The order appointing the receivers included all contracts made within six months prior to the appointment. Burnam v. Bowen, 111 U. S. 783; Foschick v. Scholl, 90 U. S. 235; Huidelsoper v. Locomotive Works, 99 U. S. 260. See, also, Miltenberger v. R. R., 106 U. S. 286; Union Trust Co. v. Sutton, 107 Id. 591.

Warren, Fergusson & Gillett for appellee.

The first error assigned is sufficiently answered by the record itself, and by the decision of this court. N. M. & S. P. R. R. v. Madden, 7 N. M. 215.

The fact that Madden's petition refers to the original judgment entry of December 28, 1891, is immaterial. Aldrich v. Maitland, 4 Mich. 205; Smith v. Chenault, 48 Tex. 455; Collins v. Hyslop, 11 Ala. 508; Wilson v. Vance, 11 Humph. 189; Taylor v. Taylor, 64 Ind. 326; Holcomb v. Tift, 20 N. W. Rep. 627; Finnegan v. Manchester, 12 Iowa, 521; 1 Black, Judg., sec. 116.

The fact that both railroad companies were defendants, and that judgment was rendered against them both, is sufficient, as between the parties themselves, whether the clerk's entry was in the singular or plural as to the defendants. 1 Black, Judg., secs. 110, 106; Craig v. Alcorn, 46 Iowa, 560; Bridges v. Thomas, 50 Ga. 378. See, also, Bank v. Raynor, 61 Cal. 145.

Clerical misprision, or error, is not permitted to defeat the actual judgment of the court. Freem. on Judg., sec. 72.

The purpose of the statute of 1891, requiring the transcript to be filed in the office of the recorder within sixty days after the judgment, is to give notice of the lien to third persons, such as subsequent purchasers. Freem. on Judg., sec. 343; Foster v. Chapman, 4 McCord, 291; Close v. Close, 28 N. J. Eq. 472; Ridgway's Appeal, 15 Pa. St. 177; Black on Judg., secs. 397, 404; Wood v. Reynolds, 7 Watts & S. 406; Hess v. Mann, 40 Wis. 560; Metz v. Bank, 7 Neb. 165; Sterling v. Early, 69 Iowa, 94.

There is no law or fixed rule, prescribing that preferential claims shall be liens, or shall have accrued within six months, or within any other period, before the appointment of receivers, but the court is governed by the equities of each case. Farmers, etc., v. Kansas City, 53 Fed. Rep. 187; Hale v. Frost, 99 U. S. 389; Burnham v. Bowen, 111 Id. 776; Blair v. R'y, 22 Fed. Rep. 471; Trust Co. v. St. Louis, 41 Id. 551; Trust Co. v. Wabash, etc., 30 Id. 187; Dow v. R'y, 20 Id. 260; Trust Co. v. R'y, 117 U. S. 434; Trust Co. v. Morrison, 125 Id. 591; Railroad v. Humphreys, 145 Id. 82.

The rule contended for by appellants applies only to actions ex contractu, and has no application to actions ex delictu, such as the case at bar. 1 Black on Judg., sec. 207; Hayden v. Woods, 20 N. W. Rep. 345; Cauthorn v. King, 8 Ore. 138.

LAUGHLIN, J.—The appellee intervener, James H. Madden, filed his suit in trespass on the case in August, 1888, in the district court for Bernalillo county, against the New Mexico & Southern Pacific Railroad Company and the Atchison, Topeka & Santa Fe Railroad Company, for damages on account of personal injuries

received by the plaintiff through the negligence of
their servants, agents, and employees in running and
operating the cars of defendant companies.  Issue was
joined on separate pleas of the general issue by each,
and the case was tried by a jury, and a verdict returned
in favor of plaintiff for $3,000, against the defendant
companies, in December, 1891.  Thereafter the defend-
ant companies jointly moved for judgment in their
favor on the special findings, which was denied; and
in November, 1892, defendants jointly moved to set
aside the verdict, and for a new trial, which was also
denied, and judgment was thereupon entered in favor
of the plaintiff.  March 23, 1893, the defendant the
Atchison, Topeka & Santa Fe Railroad Company, sued
out its separate writ of error, and the case was dock-
eted in this court as number 534.  April 23, 1893, the
defendant the New Mexico & Southern Pacific Railroad
Company sued out its separate writ of error, and that
case was docketed in this court as number 536; and it
gave a supersedeas bond to stay execution.  Both cases
were returnable to the July, 1893, term of the supreme
court.  On August 3, 1893, the writ of error sued out
by the Atchison, Topeka & Santa Fe Railroad Com-
pany (No. 534) was, on motion of appellee, not resisted
by appellant, dismissed; and thereafter, at the same
term of this court, the case of New Mexico & Southern
Pacific Railroad Company (No. 536) was reversed and
remanded, with directions to the court below to dis-
miss the case as to that defendant company, which was
done; but this court expressly refused to set aside and
vacate the judgment against the Atchison, Topeka &
Santa Fe Railroad Company, or to take any action in
that part of the case.  Upon receipt of the mandate to
the lower court on the case reversed, plaintiff, Madden,
moved for judgment against the Atchison, Topeka &
Santa Fe Railroad Company, and pending that motion
the venue of that case was changed to Santa Fe county.

On December 23, 1893, the United States circuit court for the district of Kansas (Judge Caldwell presiding), on the application of the Union Trust Company of New York in a suit for mortgage foreclosure proceeding against the Atchison, Topeka & Santa Fe Railroad Company, appointed three receivers, who thereupon took charge of all the property of defendant corporation. On January 26, 1894, in the district court at Santa Fe (Judge Seeds presiding), as auxiliary to the original foreclosure suit before Judge Caldwell, the same three gentlemen were appointed receivers for said defendant corporation, and all its property in New Mexico. On June 15, 1894, plaintiff, Madden, as intervener in the foreclosure proceedings, filed a petition in the district court at Santa Fe for an order on the receivers to pay the amount of his judgment, which was by the court granted; and, the receivers declining to pay the same, the Union Trust Company of New York brought the case here by appeal, but neither the Atchison, Topeka & Santa Fe Railroad Company nor the receivers appealed.

The appellant, the Union Trust Company, assigned, as the first ground for reversal, that "the court erred in holding that the record showed any judgment whatever had been rendered against the Atchison, Topeka & Santa Fe Railroad Company, as claimed by appellee, on the twenty-eighth day of December, 1891." The judgment here complained of, as entered by the clerk, is as follows, viz.: "James H. Madden (No. 2,691) v. N. M. & S. P. R. R. Co. et al. This cause having been heretofore heard upon defendants' motion for judgment on the special findings of the jury herein, and the court now being fully advised, doth order that the same be denied; and it is further ordered that the plaintiff's motion heretofore filed, for judgment as per verdict of jury herein, be sustained. Wherefore, it is

JUDGMENT: validity.

ordered and adjudged that the plaintiff do have and recover of the defendant the said sum of three thousand dollars damages, together with the costs herein to be taxed, and that execution issue therefor." The contention by appellant is that the judgment is defective because it does not mention the defendant the Santa Fe Company in its corporate name. The record shows that the court ruled the "defendant A., T. & S. F. R. R. Co. to plead," and when the plea was filed it used, as the title of the case, "James H. Madden v. N. M. & S. P. R. R. Co.," and then follows the plea, "And the defendant the Atchison, Topeka & Santa Fe Railroad Company, by its attorney.  *  *  *" And on this plea issue was joined, trial had, and judgment entered. The record is confused, and in bad condition to get a clear understanding of the case, but, all taken together, it is sufficiently plain to sustain the judgment; and that objection is not well taken, as to this point.

The next assignment is "that the court erred in holding that the entry under date of November 11, 1892, constituted a judgment against said defendant." The form and title of that judgment is: "No. 2691. James H. Madden v. N. M. & S. P. R. R. Co. and the A., T. & S. F. R. R. Co. Trespass on the case. This cause having heretofore been heard upon the defendants' motion for a new trial, and taken under advisement, and the court being fully advised in the premises, overrules said motion. Whereupon, it is ordered, by the court adjudged, that plaintiff have and recover from the defendants the sum of three thousand dollars damages, and the costs herein to be taxed, and that execution issue therefor." It is contended here that this judgment is defective and a nullity for the same reasons suggested as to the first judgment,—because it does not state the corporate name of the defendant

*IMPEACHMENT of record: clerical omissions.*

company; and it is still further urged by appellant that the judgment was entered up as in the singular number, and after the adjournment of the court the clerk's attention was called to the fact that it should have been entered up against both defendant corporations, and that thereupon the clerk so changed it as to read in the plural number, and as against both companies; and in support of this last contention an affidavit of one H. K. Pinkney, who was working at the time in the clerk's office, was filed, and is a part of the record, in which it is stated that he, under directions from the clerk, changed the said judgment by adding the words, "And the A., T. & S. F. R. R. Co.," and putting in the letter "s" whenever necessary to make said judgment read in the plural. To hold that the record of a judgment may be impeached by an ex parte affidavit, as is attempted here, would be a dangerous precedent, and would open wide the gates for impeaching and rendering void the solemn acts of any court of record, and subject to defeat the rights of litigants after adjudications by the courts. The affidavit of Pinkney, the amanuensis of the clerk of that court, is incompetent, and can not be used to attack the judgment collaterally in the manner here attempted. As before stated, both the defendant corporations were sued jointly. Both were properly served, and appeared by counsel, but each filed separate pleas. Verdict and judgment was rendered against both jointly, but each sued out writs of error separately. The judgment against the New Mexico & Southern Pacific Company was reversed, and ordered dismissed, because the proofs did not sustain the verdict, and the writ of error of the Achison, Topeka & Santa Fe Company was dismissed by this court without resistance on the part of the appellant company; and the mandate of this court to the court below, ordering a reinstatement and dismissal of the case against the New Mexico & Southern

Pacific Company expressly stated that "in a certain cause lately pending before you, wherein James H. Madden was plaintiff, and New Mexico & Southern Pacific Railroad Company and A., T. & S. F. R. R. Co. were defendants, by your consideration in that behalf, judgment was entered against said defendants, * * * by you in form given, be reversed, and that the said cause be remanded to you, with directions to set aside the judgment aforesaid, as to the New Mexico & Southern Pacific Railroad Company." There is no doubt but that all parties understood that a judgment was obtained and entered by the court, against the Santa Fe Company, and the alleged errors as to the technical irregularities of the form of the judgment are unavailing, as between the parties to it; and mere clerical omissions by the clerk, as to the entry, are not sufficient to defeat the judgment. Los Angeles Co. Bank v. Raynor, 61 Cal. 145; 1 Black, Judg., secs. 106–110, and cause there cited; Freem. Judg., sec. 72, and cases there cited.

The third assignment is that the court erred in holding that the judgment, if any there was against said defendant, was a lien upon the mort-gaged property, and earnings thereof, in the hands of said receivers. Madden, the plaintiff below, was attempting to enforce the collection of his judgment when the receivers were appointed, and his execution was then in the hands of the sheriff; and levy could have been made, had it not been for the order appointing the receivers, as the writ of error had been dismissed by this court. This claim comes within the class designated for payment in the order of Judge Caldwell when he appointed the receivers; and Judge Seeds evidently intended it to come within his order when he appointed the same receivers, and, if he did not, his subsequent order for its payment brought it within that class. All parties to the foreclosure pro-

*ORDER by con-sent: validity.*

ceedings consented to the order of Judge Caldwell, when he made it, and they are bound by it until that order is changed by the court making it. These conditions were imposed by the court before the order was made, and the parties in interest acquiesced and accepted them, and whether or not that court had the power and jurisdiction to make the order imposing the conditions contained in the order is not a question now for this court to pass upon.

It is further contended by appellant that, because the judgment below in favor of Madden was jointly against both defendant corporations, the reversal of the judgment against one acted as, and had the effect of, a reversal against both defendants. This contention can not be maintained, because the same propositions seem to have been raised and passed upon by this court in the case against the New Mexico & Southern Pacific Company, the court saying: "But plaintiff in error claims that if the judgment, as to it, is reversed or set aside, the judgment against its codefendant should also be reversed. To this we can not agree. Defendant sued out writ of error. If its codefendant desired a reversal, it should have asked for it. While, if the judgment against it is not good, because indorsed 'A., T. & S. F. R. R. Co.,' instead of Atchison, Topeka & Santa Fe Railroad Company, as is contended, then there is nothing for us to reverse." New Mexico & S. P. R. Co. v. Madden, 7 N. M. 215. That decision, in so far as it applies, is the law of this case, and is res adjudicata as to that part of this case. The contention urged is applicable to actions ex contractu, but the case at bar is ex delicto, and in the nature of a tort, and the rule does not apply to such actions. Tort feasors are jointly and severally liable, and in a suit, founded upon a tort, against several defendants jointly, "the plaintiff may recover against as many, and only

*Margin note:* FORMER decision on identical question: res adjudicata.

such, as he proves to be guilty, and any defendant as against whom the proof fails is entitled to a verdict." 1 Black, Judg., sec. 207, and cases there cited. And the action may be maintained against one or both parties liable in tort. Cooley, Torts, 142. It is true some courts hold to the contrary, but the best reasoning seems to support the view here taken. This court held that the proof failed to show that the defendant, the New Mexico & Southern Pacific Company was guilty, and ordered a reversal and dismissal of the case, but declined to disturb the verdict or judgment against the codefendant. For the reasons above stated the order of the lower court, directing the receivers to pay the plaintiff, Madden, the amount due him on the judgment entered in his favor, is affirmed.

SMITH, C. J., and HAMILTON, J., concur.