### LOFLIN et al. v. AYRES et al.

(Circuit Court of Appeals, Eighth Circuit. November 2, 1908.)

#### No. 2,791.

APPEAL AND ERROR (§ 78*)—TRIAL—ORDER STRIKING CASE FROM DOCKET NOT REVIEWABLE BY WRIT OF ERROR BECAUSE NOT A FINAL DECISION.

An order striking a case from the docket is not reviewable by writ of error in the national courts because it is not a final decision. It leaves the case pending and susceptible of reinstatement and hearing or dismissal on motion or petition. A writ of error or appeal to review such an order must be dismissed for want of jurisdiction of this court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 471; Dec. Dig. § 78.*

Finality of judgments and decrees for purposes of review, see notes to Bush Electric Co. v. Electric Imp. Co. of San Jose, 2 C. C. A. 379; Central Trust Co. of New York v. Madden, 17 C. C. A. 238; Prescott & A. C. Ry. Co. v. Atchison, T. & S. F. R. Co., 28 C. C. A. 482.]

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the Eastern District of Arkansas.

R. G. Brown and H. B. Anderson, for plaintiffs in error.

J. T. Coston, for defendants in error.

Before SANBORN and VAN DEVANTER, Circuit Judges, and AMIDON, District Judge.

SANBORN, Circuit Judge. Plaintiffs below, Sallie J. Ayres and others, brought an action of ejectment against the Anderson-Tully Company, a corporation, and another, in the circuit court of Mississippi county, in the state of Arkansas, in January, 1907, and on February 5, 1907, indorsed upon their complaint a statement of their election to transfer the cause to the chancery court of that county, and the clerk of the court indorsed the transfer chosen. Thereafter, and in due time, the Anderson-Tully Company filed in the circuit court of Mis-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

sissippi county the proper petition and bond, and took suitable proceedings to remove the case from that court to the Circuit Court of the United States of the Eastern District of Arkansas. The latter court, after the transcript had been filed, upon motion of the plaintiffs below, made an order that the action be stricken from its docket, upon the sole ground that it was not pending in the circuit court of Mississippi county when the petition for removal was filed, and the writ of error before us was sued out to review this order.

But the jurisdiction of this court upon a writ of error is limited to the review of a final decision of the court below. Act March 3, 1891, c. 517, § 6, 26 Stat. 828, Supp. Rev. St. p. 903 (U. S. Comp. St. 1901, p. 549). An order, judgment, or decree which leaves the rights of the parties affected by it undetermined and open to further litigation in the same suit is not a final decision. Standley v. Roberts, 59 Fed. 836, 839, 8 C. C. A. 305, 308; Collin County Nat. Bank v. Hughes, 152 Fed. 414, 416, 81 C. C. A. 556, 558; Stevens v. Nave-McCord Merc. Co., 150 Fed. 71, 73, 80 C. C. A. 25, 27; Morrison v. Burnette, 154 Fed. 617, 622, 83 C. C. A. 391, 396; Chase v. Driver, 92 Fed. 780, 784, 34 C. C. A. 668, 672.

An order which strikes a case from the docket of a court is not a final decision. It does not dismiss the action. It simply suspends proceedings in it until further steps are taken to secure a final disposition of it. The action is still pending, and may be reinstated upon the docket by the court upon motion or petition, and may then be decided upon its merits or dismissed for want of jurisdiction. Welch v. Louis, 31 Ill. 446, 455; Tibbs v. Allen, 29 Ill. 535, 548; Hayden v. Huff, 62 Neb. 375, 87 N. W. 184, 187. As the order challenged did not evidence a final decision of this case by the court below, it is not reviewable until a final decision has been rendered, and this writ of error is dismissed because this court is without jurisdiction to consider or decide the alleged errors which it was brought to correct.