DICKINSON, Sheriff, v. SUNDAY CREEK CO.

(Circuit Court of Appeals, Fourth Circuit. April 14, 1910.)

No. 960.

APPEAL AND ERROR (§ 70*)—FINAL JUDGMENT—SUSTAINING DEMURRER.

Where an order sustained a demurrer to the declaration and to each count thereof, giving plaintiff leave to amend within a specified time, such order, on expiration of the time without amendment, was not self-executing and final without an order dismissing the cause, and was therefore insufficient to sustain a writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 369; Dec. Dig. § 70.*]

In Error to the Circuit Court of the United States for the Southern District of West Virginia.

Action by R. H. Dickinson, as Sheriff of Fayette County, and as such sheriff administrator of the estate of Andrew Yanoski, deceased, against the Sunday Creek Company, a corporation. From an order sustaining a demurrer to the declaration, plaintiff brings error. On motion to dismiss. Granted.

Edmund R. French, for plaintiff in error.
Brown, Jackson & Knight, for defendant in error.

Before GOFF and PRITCHARD, Circuit Judges, and BOYD, District Judge.

BOYD, District Judge. The plaintiff in error brought this action against the defendant below in the Circuit Court of the United States for the Southern District of West Virginia, at Charleston, and after the service of summons, filed his declaration on the 5th day of April, 1909, in trespass on the case, whereby he sought to recover of the defendant damages for the death of his intestate, alleged to have been caused by the negligence of the defendant in failing to provide a safe place to work for intestate who was in the employment of defendant.

Defendant demurred to the declaration. The court below sustained the demurrer by the following order, entered June 29, 1909:

"This day came the parties, by their respective attorneys, and thereupon the defendant demurred to the declaration heretofore filed herein, and to each count thereof, in which demurrer the plaintiff joined, and the matters of law arising upon the said demurrer were argued at length by counsel and submitted to the court, upon consideration whereof the court doth sustain the said demurrer to said declaration, and to each count thereof, to which action and ruling of the court the plaintiff, by his attorney, objects and excepts. And on motion of the plaintiff he is given leave to file an amended declaration herein on or before August rules, 1909, should he be so advised."

Thereupon the plaintiff sued out a writ of error from this court to have the action of the court below reviewed. The case is before us now on a motion of defendant in error to dismiss the writ of error, on the ground that the order in question was not a final judgment and that the writ was prematurely sued out.

Plaintiff insists that, as he did not avail himself of the privilege extended to him by the court of filing an amended declaration within the time limited, the court lost control of the case, and there was no further action necessary to put an end to it. We do not agree with this proposition. On the other hand, it is our opinion that by the terms of the order the case remained on the docket for further proceedings, and it was within the power of the court, even after the time for amendment expired, exercising its discretion, for sufficient cause to have further extended the time for an amended declaration to be filed. We are of the opinion, also, that although plaintiff failed or refused to file his amended pleading after the entry of the order in question within the time prescribed, that the said order is not self-executing and final, but that an order dismissing the case was necessary to finally dispose of it.

The writ of error is dismissed.