In re WATTS.

(Circuit Court of Appeals, Second Circuit. April 16, 1914.)

1. COURTS (§ 404*) — CIRCUIT COURT OF APPEALS — ORIGINAL JURISDICTION — MANDAMUS.

The Circuit Court of Appeals in aid of its appellate jurisdiction has power to grant a mandamus to compel the District Court to enter judgment in an action in order that the defeated party may have a review by writ of error.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 404.*

Jurisdiction of Circuit Court of Appeals in general, see notes to Lau Ow Bew v. United States, 1 C. C. A. 6; United States Freehold Land & Emigration Co. v. Gallegos, 32 C. C. A. 475.]

2. MANDAMUS (§ 51*)—JUDGMENT—COMPELLING ENTRY—RIGHT OF DEFEATED PARTY.

Even though the right of a defeated party to have judgment entered is only incidental to an appeal by him, it is a matter of right and not of discretion, since the right to a review by appeal or writ of error is a matter of right and there can be no such review until judgment has been entered.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 98–100; Dec. Dig. § 51.*]

3. MANDAMUS (§ 51*)—JUDGMENT—COMPELLING ENTRY—RIGHT OF DEFEATED PARTY.

A long delay by the successful party in an action to enter judgment in connection with the death of witnesses and the possible loss of evidence did not destroy the defeated party's right to have the judgment entered in order that he might sue out a writ of error.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 98–100; Dec. Dig. § 51.*]

This cause comes here upon the application of James R. Watts, plaintiff in the action of Watts v. Weston, for a mandamus to require the District Court, Southern District of New York, to enter judgment in said action. Application granted.

McLear & McLear, for petitioners.

Sullivan & Cromwell, for respondents.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. [1] The action of Watts v. Weston was tried in the Circuit Court, Southern District of New York, and verdict directed in favor of defendants April 10, 1900. A bill of exceptions was prepared and settled, but no judgment was ever entered, and therefore no writ of error was ever issued. It was, of course, the duty of the defendants to enter such judgment. Plaintiff wishing to have the trial reviewed in this court has recently requested defendant's attorneys to enter such judgment, which they refused to do. He made a similar application to the clerk of the District Court (which under the Judicial Code has succeeded to the jurisdiction of the Circuit Court). This application was refused in view of the time which had elapsed since the trial. Plaintiff then applied to the District Judge for an order directing the clerk to enter judgment. This was denied, on the ground that the right of the defeated party to insist upon an entry of the judgment

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

is not created by statute but is only a right incidental to appeal, and therefore not absolute but resting in the discretion of the court. The pending application was then made to this court. Since the mandamus asked for is manifestly in aid of the appellate jurisdiction of this court, it is within our power to grant it.

[2, 3] We do not concur with the District Judge. Even though the right to have judgment entered be "only incidental" to appeal, review by appeal or writ of error when sought to be availed of in time is a matter of right not of discretion. In form the trial judge "allows" petition of review, but when the proceedings in the trial court are such as the statute makes reviewable in the appellate court, and petition is presented within the statutory time and in the proper way—accompanied with assignments of error, bond for costs, etc.—it is the duty of the judge to "allow" it. Davidson v. Lanier, 4 Wall. 447, 18 L. Ed. 377. There can be no review by appeal or writ of error until judgment has been entered; the right of review cannot be defeated by failure of the prevailing party to enter judgment. As to the long delay which has taken place in this case, with death of witnesses and possible loss of evidence, the fault is primarily with the prevailing party, who could have set the time to appeal running at any moment. He surely cannot avail of his own neglect to deprive his adversary of all right to appeal.

Mandamus will issue to the District Court, directing entry of the judgment.