### TREADWELL v. CORKER & SMITH.

(Circuit Court of Appeals, Fifth Circuit.   October 9, 1917.)

No. 3086.

APPEAL AND ERROR ⚔═78(3)—DECISIONS REVIEWABLE—FINAL JUDGMENT—"FINAL DECISION."

Where defendant, in an action to recover a sum claimed under a contract, filed a plea denying the indebtedness, and also a plea in recoupment, seeking to recover an amount greater than that claimed by plaintiff, an order sustaining a demurrer to the plea in recoupment is not, as it did not dispose of all of the issues raised by the pleadings, a "final decision" within Judicial Code (Act March 3, 1911, c. 231) § 128, 36 Stat. 1133 (Comp. St. 1916, § 1120), declaring that the Circuit Court of Appeals shall exercise appellate jurisdiction to review final decisions in the District Court, and hence a writ of error to review the order sustaining the demurrer will be dismissed.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decision.]

In Error to the District Court of the United States for the Northern District of Georgia; William T. Newman, Judge.

Action by Corker & Smith against A. P. Treadwell. There was a judgment for plaintiff, and defendant brings error. Writ dismissed.

Henry B. Troutman and L. C. Hopkins, both of Atlanta, Ga., for plaintiff in error.

Owens Johnson, of Atlanta, Ga. (Thos. B. Felder, of Atlanta, Ga., on the brief), for defendant in error.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

PER CURIAM. This was an action by the defendants in error (hereinafter referred to as the plaintiffs) against the plaintiff in error (hereinafter referred to as the defendant) to recover an amount claimed to be due under an alleged contract. To the plaintiff's petition the defendant interposed a plea denying the alleged indebtedness, and also a plea of recoupment seeking to recover of the plaintiff an amount greater than that claimed in the plaintiff's petition. The plaintiff demurred to the last-mentioned special plea as it was amended.

With reference to this demurrer the record shows that the court "ordered that the demurrer be and it is hereby sustained." Other than the quoted order, the record does not show any disposition of the issues raised by the pleadings in the case. So far as appears from the record,

---

the case stands at issue in the District Court, and the whole of it has not been finally determined by that court. We are of opinion that the order mentioned is not such a final decision as is required to support a writ of error. Judicial Code U. S. § 128; La Bourgogne, 210 U. S. 95, 28 Sup. Ct. 664, 52 L. Ed. 973; Webster Coal & Coke Co. v. Cassatt, 207 U. S. 181, 28 Sup. Ct. 108, 52 L. Ed. 160; Bank of Rondout v. Smith, 156 U. S. 330, 15 Sup. Ct. 358, 39 L. Ed. 441; Kingman v. Western Mfg. Co., 170 U. S. 675, 18 Sup. Ct. 786, 42 L. Ed. 1192; Maas v. Lonstorf, 166 Fed. 41, 91 C. C. A. 627.

The writ of error is dismissed, without prejudice to the right of the defendant to have an appellate review of the ruling complained of, after a final decision of the case.