### J. W. DARLING LUMBER CO. v. PORTER.

(Circuit Court of Appeals, Fifth Circuit. March 15, 1919.)

No. 3352.

1. APPEAL AND ERROR ⬅78(3)—DECISIONS REVIEWABLE—ORDERS.
    Judicial Code, § 128 (Comp. St. § 1120), making final decisions of federal District Courts reviewable on writ of error, is inapplicable to orders sustaining demurrer to a declaration and disallowing application to file amended declaration.

2. COURTS ⬅365—FEDERAL COURTS—STATE DECISIONS.
    Ruling of highest state court on what constitutes a final judgment reviewable on writ of error or appeal is not controlling on federal courts within state.

In Error to the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

Action by the J. W. Darling Lumber Company against Samuel Porter. From orders sustaining a demurrer and disallowing an application to file an amended declaration, plaintiff brings error. Writ dismissed.

T. M. Miller and John D. Miller, both of New Orleans, La., for plaintiff in error.

L. T. Kennedy, of Natchez, Miss., for defendant in error.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

PER CURIAM. [1, 2] The record in this case shows no action by the trial court other than that on the 16th day of May, 1918, it made an order sustaining a demurrer to a declaration in an action at law, and that, at the succeeding term of the court, in November, 1918, it made another order disallowing an application of the plaintiff in the case to

file an amended declaration. The case is not one within any exception to the rule that the jurisdiction of this court to review by appeal or writ of error is limited to final decisions in the District Courts. Judicial Code, § 128 (Act March 3, 1911, c. 231, 36 Stat. 1133 [Comp. St. § 1120]). The record does not show such a final decision as is requisite to support the writ of error. Whatever may be the rule prevailing in the courts of the state of Mississippi on the question of what constitutes a final judgment reviewable on a writ of error or appeal, under the settled rule prevailing in the federal courts, neither of the above-mentioned orders is such a final decision as is subject to be reviewed on writ of error. On such a question the ruling of the highest court of a state is not controlling on the federal courts sitting in that state. Amis v. Smith, 16 Pet. 303, 10 L. Ed. 973; Dickinson v. Sunday Creek Co., 178 Fed. 78, 101 C. C. A. 568; Treadwell v. Corker & Smith, 245 Fed. 348, 157 C. C. A. 540.

It follows that the writ of error must be dismissed; and it is so ordered.