## FARM MORTGAGE & LOAN CO. v. WILLETT et al.

(District Court, W. D. New York. April 3, 1923.)

No. 1959.

Courts ⊜⇒354—Judgment on verdict may be entered by clerk in vacation, in conformity with state practice.

A state statute authorizing the clerk to enter judgment on a verdict, either during the term or in vacation thereafter, is controlling in a federal court, and the court is without power to set aside a judgment because so entered in vacation.

At Law. Action by the Farm Mortgage & Loan Company against James D. Willett and Cora G. Willett. On motion to vacate judgment. Denied.

Gibbons & Pottle, of Buffalo, N. Y., for plaintiff.
John Willett, of New York City, for defendants.

HAZEL, District Judge. The judgment was not entered herein without authority of law, even though the term at which the verdict was rendered had expired. Under the state law a party in whose favor a general verdict is rendered may thereafter, in term or vacation, enter judgment on the verdict without the consent of the court. In this respect the clerk performs a clerical act and evidences the prior decision of the court or finding of the jury. Freeman on Judgments, § 38, p. 61; section 39a, Id. The practice of this court as to entry of judgments is controlled by the state law, and thus must conform thereto as near as may be. Black on Judgments, § 125a. See also In re Watts, 214 Fed. 80, 130 C. C. A. 520, where District Court was required by mandamus to enter judgment on verdict after expiration of term. This court has no power to set aside the judgment, the rendition of which is set out in the minutes of the clerk, and, moreover, the judgment has been appealed from and the writ of error dismissed.

Motion denied.