### SCHENDEL v. McGEE, District Judge.

(Circuit Court of Appeals, Eighth Circuit. April 17, 1924.)

#### No. 253.

1. **Appeal and error ⊗⇒78(4)—Order dismissing case from calendar and striking same from the docket not a "final decision."**

    An order dismissing a case from the calendar and striking the same from the docket is not a dismissal of the action, and is not a final decision, reviewable on writ of error, under Judicial Code, § 128 (Comp. St. § 1120).

    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decision.]

2. **Courts ⊗⇒404—Appellate court may issue writ to compel subordinate court to render final judgment which is reviewable.**

    Under Judicial Code, § 262 (Comp. St. § 1239), giving to the federal courts power to issue all writs necessary for the exercise of their respective jurisdictions, a Circuit Court of Appeals has power to issue a writ of mandamus to compel a District Court to render a final judgment in a cause, so that appellate jurisdiction may be exercised.

3. **Master and servant ⊗⇒253—Court may not refuse to entertain action of which it is given jurisdiction by Employers' Liability Act.**

    A court is without discretion to refuse to entertain an action of which it is given jurisdiction by Employers' Liability Act, § 6, as amended by Act April 5, 1910, § 1 (Comp. St. § 8662), on the ground that it may be a burden on interstate commerce.

4. **Dismissal and nonsuit ⊗⇒73—Dismissal of cause from calendar on motion held error.**

    A motion to dismiss a cause from the calendar and strike it from the docket, based on alleged matters arising since the action was commenced, raises issues of fact, which plaintiff has the right to traverse, and to have tried and determined.

Petition for Writ of Mandamus.

Petition by A. D. Schendel, as special administrator of the estate of Andrew J. Baker, deceased, against John F. McGee, Judge of the United States District Court, District of Minnesota. Writ granted.

Ernest A. Michel, of Minneapolis, Minn. (Tom Davis and Robert M. Haines, both of Minneapolis, Minn., on the brief), for petitioner.

F. W. Root, of Minneapolis, Minn., for respondent.

Before SANBORN and KENYON, Circuit Judges, and MUNGER, District Judge.

---

⊗⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

KENYON, Circuit Judge. This is an original action in this court, asking a writ of mandamus directing the respondent to reinstate upon the calendar and docket of the United States District Court of the District of Minnesota, Fourth Division, the case of A. D. Schendel, Special Administrator of the Estate of Andrew J Baker, Deceased, v. Chicago, Milwaukee & St Paul Railway Company, and to hear, try, and have the cause determined on its merits.

The circumstances giving rise to this application for writ of mandamus extend over a considerable period of time and embrace a number of court actions. For a proper understanding of the situation it is necessary to refer to some of these. This court has heretofore considered one phase of the matter in Chicago, Milwaukee & St. Paul Railway Company, Appellant, v. A. D. Schendel, as Special Administrator of the Estate of Andrew J. Baker, Deceased, reported in 292 Fed. 326.

On November 11, 1922, Andrew J. Baker, while in the employ of the Chicago, Milwaukee & St. Paul Railway Company as a switchman in its yards at Cedar Rapids, Iowa, died as the result of certain injuries sustained by him, alleged to be due to the negligence of the railroad company. He left surviving him his widow, Goldie Baker, and a minor adopted son. On November 28, 1922, petitioner Schendel, was appointed special administrator of the estate of Baker by the probate court of Hennepin county, Minn., and duly qualified. November 29, 1922, he commenced an action against the Chicago, Milwaukee & St. Paul Railway Company (hereafter designated as the Railway Company), in the District Court of Yellow Medicine county, Minn., to recover damages for the death of said Baker. The witnesses were largely employés of defendant, residing at Cedar Rapids, Iowa. Petitioner attempted to take the depositions of these witnesses, but the Railway Company commenced an action in the district court of Linn county, Iowa, to enjoin them from testifying, either by deposition or in person, in any action to recover damages for the death of Baker, unless the same was instituted in the district court of Linn county, Iowa, or in the United States District Court for the Northern District of Iowa, Cedar Rapids Division, and such injunction was granted. The petitioner, being unable to secure his witnesses in the case in Yellow Medicine county, Minn., dismissed the same. On or about January 30, 1923, petitioner commenced in the District Court of the United States for the District of Minnesota another action against the Railway Company, asking damages for the death of Andrew J. Baker. Defendant appeared thereto and the issues were joined March 1, 1923. On or about March 15, 1923, upon the request of petitioner, the court issued an order upon the Railway Company to show cause why it should not dismiss the proceeding in Linn county, Iowa, restraining said witnesses from testifying, and after hearing entered an order directing the Railway Company to dismiss such proceeding. After an appeal in this matter was allowed, the court entered a further order enjoining petitioner from attempting to enforce attendance or taking the depositions of the Iowa witnesses pending the determination of the appeal in this court. Petitioner moved to vacate such order, which was overruled

April 26, 1923. The order of the United States District Court to the Railway Company directing it to dismiss its action in the state court was on August 28, 1923, sustained by this court. See Chicago, Milwaukee & St. Paul Railway Company v. A. D. Schendel, Special Administrator, 292 Fed. 326.

May 31, 1923, Joseph Wyman, a citizen of Cedar Rapids, Iowa, applied to the district court of Linn county, Iowa, for administration of the estate of Baker. Such application was granted, and the said Wyman, having qualified as administrator, applied to that court for an order permitting him to sue the Railway Company on the damage claim for the death of Baker. This authority was granted, and suit was commenced on the 5th day of June, 1923, in the district court of Linn county, Iowa. The petitioner then filed his second ancillary bill in the United States District Court of Minnesota, and procured therefrom a temporary order restraining the Railway Company and all persons acting by or under its authority from in any way interfering with, annoying, or harassing Goldie Baker, the surviving widow of Andrew J. Baker, deceased, and from settling or attempting to settle with the Iowa administrator the action pending in the United States District Court for the Fourth Division of Minnesota, arising out of the death of the said Andrew J. Baker, wherein A. D. Schendel, as special administrator of the estate of Andrew J. Baker, deceased, was plaintiff, and the Railway Company was defendant. This order was made on the 27th day of June, 1923. On September 6, 1923, respondent entered an order, on the motion of petitioner for the injunction heretofore referred to relative to the annoying and harassing of Goldie Baker and the settlement of the case, that the same be in all things denied.

After the vacation of this restraining order an application was filed in the district court of Linn county, Iowa, on October 6, 1923, for the substitution of one Toms in place of Wyman as plaintiff in the action there pending. It was granted, and Toms was duly substituted as plaintiff. On the same day the parties appeared and agreed to a trial to the court, waiving a jury. A trial was had, resulting in a finding in favor of plaintiff in the sum of $10,000 damages and costs, and judgment was rendered in favor of Toms, as administrator of the estate of Andrew J. Baker, deceased, and against the Railway Company, in the sum of $10,000 and costs. On September 27, 1923, the Railway Company notified plaintiff and his attorneys that they would move the court for an order dismissing the said cause from the calendar of the United States District Court of Minnesota, Fourth Division, and striking the same from the docket upon five specified grounds. October 11th the Railway Company notified plaintiff and his attorneys of an amendment to said motion to dismiss, adding one additional paragraph, which raised the question of the suit and judgment in Iowa. The court ordered petitioner to show cause at the courtroom of the federal court in the Federal Building in Minneapolis, Minn., on Saturday, October 13, 1923, why an order should not be made granting to the Railway Company the relief prayed in said motion.

Petitioner responded to the rule of the court of September 27, 1923, to show cause, and the supplemental rule of October 11, 1923, by alleg-

ing that the original rule and the supplemental rule were granted upon motions presenting traversable issues of fact, as to which respondent was entitled to demand proof by testimony, and to be afforded an opportunity to examine and cross-examine witnesses, and that the defendant Railway Company, having entered a general appearance and answered in said cause on March 1, 1923, was not entitled to a dismissal on a collateral question of jurisdiction, and that the motion which the plaintiff was called upon to meet, including the supplemental rule of October 11, 1923, as a matter of law, did not entitle the defendant and movant to dismissal of the cause.

There is controversy as to what occurred when the application for order to discharge the rule was presented. One of the counsel for petitioner states in affidavit that the court refused to receive a written brief in support of the application for the order. Said counsel, one R. M. Haines, further sets forth in this affidavit that he insisted that, in view of the language of the act of Congress and the decision of this' court, the case should not be dismissed on motion; that the motion presented a traversable plea; that they had heard through the newspapers that the case had been settled in Iowa, and that they had sent for certified copy of the record, but had not yet received it; and that counsel stated:

"We may desire to deny the facts, or to confess and avoid. In any event, we are entitled to produce witnesses and to be given the opportunity to cross-examine witnesses for the defendant."

The affidavit of one Goldie Baker was presented in opposition to the motion. Affidavits were also presented in favor of the motion, and after a hearing on the affidavits the court sustained the application of the Railway Company for an order dismissing the cause from the calendar of said court and striking the same from the docket on the grounds contained in the first and sixth paragraphs of said motion, which are as follows:

"(1) That such action is not properly brought within the above-named court, and that its prosecution therein and its being brought and maintained therein unjustly, unreasonably, and unduly interferes with and burdens interstate commerce by railroad between the several states."·

"(6) That upon a suit and action at law brought in the district court of Linn county in the state of Iowa, the said court being a court of general jurisdiction and a court of record, an action brought by George W. Toms as administrator of the estate of Andrew J. Baker, deceased, and against the defendant herein, with one of its employés, and which action was brought to recover damages for the alleged wrongful death of the said Andrew J. Baker, deceased, and which was brought and prosecuted upon the 'same cause of action' as is included within the complaint herein, judgment was entered in favor of the plaintiff and against the defendant on October 6, 1923, for the sum of $10,000 and costs, and that said judgment was paid and has been duly satisfied of record by the administrator of said estate, and that such suit and the satisfaction of judgment therein is a satisfaction and discharge from all obligations, on the part of the defendant for any damages on account of the death of the said Andrew J. Baker, deceased."

[1] We are challenged at the outset by the contention of respondent that the order of the District Court was in fact a dismissal of the cause of action, and therefore, being reviewable upon appeal or writ of

error under section 128 of the Judicial Code (Comp. St. § 1120), mandamus will not lie. The order granting the motion to dismiss states:

"The above-entitled matter came on regularly for hearing before the court on an application on the part of the defendant for order dismissing the above-entitled cause from the calendar of said court and striking the same from the docket."

Further in the order is this:

"And the court, having heard and duly considered the argument of counsel, and all matters submitted in support of and in opposition to said motion, and being fully advised in the premises, hereby orders that said motion be and the same is hereby granted on the first and sixth grounds stated in said notice of motion."

The court did not dismiss the action—it is still pending—but dismissed the case from the calendar and struck the same from the docket, leaving the rights of the parties undetermined. It was not a final decision, and is not subject to review upon appeal or·writ of error, under section 128 of the Judicial Code. Loflin v. Ayres, 164 Fed. 841, 90 C. C. A. 603; Collin County Nat. Bank of McKinney, Tex., v. Hughes, 152 Fed. 414, 81 C. C. A. 556; Stevens v. Nave-McCord Mercantile Co.,·150 Fed. 71, 80 C. C. A. 25.

[2] That the writ of mandamus may be issued by appellate courts in aid of jurisdiction under section 1239, Compiled Statutes, is well settled. Of course, an appellate court cannot by mandamus compel a subordinate judical officer to reach any particular conclusion, or decide a case in any particular way. It can, however, compel such court to render a final judgment, so that appellate jurisdiction can be exercised. Ex parte Bradstreet, 7 Pet. 634, 8 L. Ed. 810; Insurance Company v. Comstock, 16 Wall. 258, 21 L. Ed. 493; In re Pennsylvania Co., 137 U. S. 451, 11 Sup. Ct. 141, 34 L. Ed. 738; Virginia v. Rives, 100 U. S. 313, 25 L. Ed. 667; In re Watts, 214 Fed. 80, 130 C. C. A. 520; In re Beckwith, 203 Fed. 45, 121 C. C. A. 381; In re Dennett, 215 Fed. 673, 131 C. C. A. 607; Muir v. Chatfield, 255 Fed. 24, 166 C. C. A. 352; Whitney v. Dick, 202 U. S. 132, 26 Sup. Ct. 584, 50 L. Ed. 963; United States v. Mayer, 235 U. S. 55, 35 Sup. Ct. 16, 59 L. Ed. 129. This matter was thoroughly considered by this court in Barber Asphalt Paving Co. v. Morris, Judge, 132 Fed. 945, 952,. 66 C. C. A. 55, 62 (67 L. R. A. 761), and the court said:

"Writs of mandamus are among those 'not specifically provided for by statute which may be necessary for the exercise of their respective jurisdictions,' within the meaning of this section. * * * Each court has jurisdiction to issue the writ to a subordinate court or judge in the exercise of and in aid of its appellate jurisdiction. It is without power to issue it in a case which is not reviewable in that court by appeal or writ of error, challenging its final decision, or otherwise, or to issue it to create a case for the exercise of its appellate jurisdiction.".

In McClellan v. Carland, 217 U. S. 268, 279, 30 Sup. Ct. 501, 503 (54 L. Ed. 762), the court said:

"While the power to grant this writ will be sparingly used, as has been frequently declared by this court, we should be slow to reach a conclusion which would deprive the court of the power to issue the writ in proper cases to review the action of the federal courts inferior in jurisdiction to this court."

The circumstances here present a situation justifying the issuance of the writ of mandamus.

[3] The first ground of dismissal of the cause from the calendar was that the prosecution of the case interfered with and burdened interstate commerce. Were this a good defense, it presents a traversable issue; but this court has held in one branch of this very case that petitioner had the right to maintain this action in the District Court of Minnesota, and that said court did not err in directing the dismissal of an action brought in the district court of Linn county, in that the same interfered with the jurisdiction of the federal court. Chicago, Milwaukee & St. Paul Railway Co. v. Schendel, 292 Fed. 326. The federal Employers' Liability Act (section 6, as amended by the Act of April 5, 1910, § 1 [Comp. St § 8662]), gave the right to bring such action in the United States court in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant was doing business at the time of commencing such action. Congress has not given to the courts the right to exercise discretion as to whether the case shall be prosecuted, or such prosecutions refused, because the same may be a burden on commerce.

The case of Davis, Director General of Railroads, etc., v. Farmers' Co-operative Co., 262 U. S. 312, 43 Sup. Ct. 556, 67 L. Ed. 996, is quite different from this case. There the court considered the state statute of Minnesota with reference to the bringing of suits within the state where the foreign corporation had an agent. The Railroad Company there was not operating any railroad in the state of Minnesota, and the statute as construed by the Supreme Court of Minnesota compelled every foreign interstate carrier to submit to suit within the state as a condition of maintaining a soliciting agent therein. It was held that the statute was obnoxious to the commerce clause of the Constitution, in imposing an unreasonable burden on interstate commerce. That decision is no authority for any contention that, where the carrier owns and operates a railroad in the district where action is brought, under a specific act of Congress giving such right, that the court can refuse to hear the case because affidavits are presented that the same constitutes an unreasonable burden upon commerce.

During the war the Director General of Railroads, under the Act of Congress approved March 21, 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3115¾a–3115¾p), entitled "An act to provide for the operation of transportation systems while under federal control," issued a general order providing:

"That all suits against carriers while under federal control must be brought in the county or district where the plaintiff resided at the time of the accrual of the cause of action or in the county or district where the cause of action arose."

This order was sustained as within the power of the Director General. Alabama & Vicksburg Railway Co. v. Journey, 257 U. S. 111, 42 Sup. Ct. 6, 66 L. Ed. 154. That was, however, in the nature of a legislative act. We assume Congress could provide that actions in the federal courts should be brought at places where the same would not constitute a burden on commerce, but Congress has not done so.

It has given the right under the federal Employers' Liability Act, hereinbefore discussed, to an injured party, or in case of his death to the duly constituted representative, to maintain an action for damages in the courts of the district where the defendant is doing business at the time the suit is commenced. We are not concerned with the justice or the wisdom of such legislation. It being the law, it is a court's duty, where there is jurisdiction, to take and retain that jurisdiction and try the case. The Supreme Court of the United States in the Second Employers' Liability Cases, 223 U. S. 1, 58, 32 Sup. Ct. 169, 178 (56 L. Ed. 327, 38 L. R. A. [N. S.] 44), said:

"The existence of the jurisdiction creates an implication of duty to exercise it, and that its exercise may be onerous does not militate against that implica-. ion."

[4] The sixth point of the motion upon which the court based his action in dismissing the case from the calendar and striking it from the docket relates to the suit and action brought in the district court of Linn county, state of Iowa; it being alleged in the motion, as we have heretofore set out, that action was brought by Toms as administrator of the estate of Baker, and judgment recovered for damages in the sum of $10,000, October 6, 1923, and paid by the Railway Company. This may raise issues that petitioner has the right to traverse, and it appears from the record that Mr. Haines, one of the attorneys for petitioner, appeared before respondent and insisted that under the act of Congress and the decision of this court the case could not be dismissed on motion; that the motion presented a traversable plea, and according to his affidavit he stated that petitioner might desire to deny the facts, or to confess and avoid; that the petitioner was entitled to produce witnesses, and to be given the opportunity to cross-examine witnesses for the defendant, to which, according to the affidavit of said Haines, respondent replied that he was not going to waste more time on the case; that he would consider only the affidavit of Goldie Baker. Said affidavit was duly presented.

We do not know what defense, if any, petitioner might have presented to the Iowa judgment; but certainly he had the right to traverse the matter set forth in the motion, and to have any proper issues relating thereto tried and determined. He could not be limited to the mere affidavit of Goldie Baker.

A writ of mandamus will issue in this case, directing respondent to reinstate upon the docket and calendar of the District Court of the United States for the District of Minnesota, Fourth Division, the case of A. D. Schendel, as Special Administrator of the Estate of Andrew J. Baker, Deceased, v. Chicago, Milwaukee & St. Paul Railway Company, and to proceed to hear, try, and have the case determined in the usual course of judicial procedure.