## ZADIG v. ÆTNA INS. CO.
### No. 337.

Circuit Court of Appeals, Second Circuit.
May 12, 1930.

Putney, Twombly & Putney, of New York City (Frederic R. Sanborn, of New York City, of counsel), for appellant.

Bigham, Englar & Jones, of New York City (Arthur W. Clement and Henry J. Bogatko, both of New York City, of counsel), for appellee.

Before L. HAND, CHASE, and MACK, Circuit Judges.

PER CURIAM.

The plaintiff filed its complaint in the state court in July, 1926, the cause was removed, the defendant answered in July, 1927, and neither side noticed the case for trial. Rule 28 of the General Rules of the Southern District of New York provides that "cases which have been pending in this court for more than one year without any proceedings having been taken therein during such year may be dismissed as of course for want of prosecution by the court on its own motion at a general call of the calendar." A general call of the calendar was ordered in January, 1929, of which notice was published in the New York Law Journal, and upon which on January 28, 1929, nobody appeared on behalf of the cause. An order was thereupon signed and filed, but never entered, which read as follows: "This cause having been called pursuant to Rule 28 of the General Rules of Practice of this Court and it appearing that no action has been taken herein during the period of one year immediately preceding the date of such call it is Ordered that the cause be, and the same hereby is, dismissed without prejudice." The plaintiff did not learn of the order until January 2, 1930, when he moved to vacate it. In the Southern District of New York there is a term every month and Rule 5, General Rules of that court, provides that, "for the purpose of taking any action which must be taken within the term of the Court at which final judgment or decree is entered, each term of court is extended for ninety days from the date of entry of the final judgment or decree." The District Judge, believing that he had no jurisdiction to vacate the order, refused to consider the motion on the merits, and denied it. The plaintiff then appealed.

■■ We think that the order, despite its name, was a final judgment, not an "order for judgment" within such decisions as Loflin v. Ayres, 164 F. 841 (C. C. A. 8); Dickinson v. Sunday Creek Co., 178 F. 78 (C. C. A. 4); Darling Lumber Co. v. Porter, 256 F. 455 (C. C. A. 5); Schendel v. McGee, 300 F. 273, 277 (C. C. A. 8); Amsinck & Co. v. Springfield Grocer Co., 7 F.(2d) 855 (C. C. A. 8); City and County of San Francisco v. McLaughlin, 9 F.(2d) 390 (C. C. A. 9). It assumed finally to dispose of the cause ex proprio vigore, contemplated no further action, and was like those considered in Hamilton Coal Co. v. Watts, 232 F. 832 (C. C. A. 2) and Colorado Eastern Ry. Co. v. Union Pac. R. Co., 94 F. 312 (C. C. A. 8). To be sure, in each of these there was a judgment, eo nomine, for costs, but it makes no difference what the court's determination be called, so that it actually disposes of the suit and leaves nothing further to be done. Nor does lack of entry affect the validity of the judgment for most purposes. Ewert v. Thompson, 281 F. 449, 453 (C. C. A. 8); Los Angeles County Bank v. Raynor, 61 Cal. 145; In re Cook, 77 Cal. 220, 17 P. 923, 19 P. 431, 1 L. R. A. 567, 11 Am. St. Rep. 267; Simmons v. Hanne, 50 Fla. 267, 39 So. 77, 7 Ann. Cas. 322; Freeman on Judgments, § 46; Black on Judgments, § 106. The only act of the court being the rendering of the judgment, in this case evidenced by a written "order," entry is merely a ministerial duty of the clerk to perpetuate that act, though in most jurisdictions necessary to create a lien or start running the time to appeal. While we need not so decide, we see no reason therefore to question the correctness of our decision in Hamilton Coal Co. v. Watts, where there was no rule similar to Rule 5 of the Southern District of New York.

■ However, that rule extends the term in all cases for ninety days after "entry" of the judgment, and the order at bar never was, and probably never was intended to be, en-

tered. The court could therefore vacate it until that time arrived. We did, indeed, decide the contrary without opinion in Seldin v. Thread Needle Ins. Co. (C. C. A.) 26 F. (2d) 1022, but the point was not there raised, and we did not observe it of our own motion as we have here. There is, however, no escape from the language used, whether it was deliberately chosen or not, and the result is not unsatisfactory, because the purpose of Rule 28 was rather to rid the calendar of apparently abandoned causes, than finally to conclude suitors who had no notice of the calls. True, it is possible for the successful defendant to start the time running by securing an entry of the order, and, while it would seem in that case desirable to require notice to the plaintiff, that would involve a change of rules of the District Court, with which we have nothing to do.

In the view we take, a question arises of the appealability of the order denying the motion to vacate. However, it appears to us a "final decision"; it once for all determined the plaintiff's rights, and left nothing further open to him but to renew the motion before another judge who in ordinary course would, and perhaps must, follow the decision of the first. Commercial Union v. Anglo-South American Bank, 10 F.(2d) 937 (C. C. A. 2). Whether Messinger v. Anderson, 225 U. S. 436, 32 S. Ct. 739, 56 L. Ed. 1152, softens the obligation does not seem to us relevant. We do not, of course, suggest that the District Court should grant the application. The delays have been long, and they may be unexcused; we only hold that the District Judge was wrong in refusing to consider the motion on the merits.

Order reversed.

### On Petition for Rehearing.

#### PER CURIAM.

The appellee urges that it would appear from an examination of the records of the clerk of the District Court that the order of dismissal had been "entered." The transcript on appeal contains nothing to that effect; the affidavit in opposition merely says that "an order was accordingly entered by this court." The clerk, not the court, enters judgments and orders, and the allegation is not to be taken as equivalent to an "entry" of the order in the only sense here relevant. Our reversal is on the record before us. In saying that we do not hold that the motion should be granted, but that the District Court should "consider" it "on the merits," we are not to be understood as forbidding an examination as to whether the order of dismissal was in fact "entered," if that be proved by other evidence. We decline upon this appeal to consider that question by an examination of the records and of the practice of the clerk in dealing with orders of this kind. All such questions must be decided by the District Court in the first instance.

Petition for rehearing denied.