## HYAFILL v. BUFFALO MARINE CONST. CO.

(District Court, W. D. New York. June 12, 1919.)

**Courts ⊂⊃516—Equity has power to restrain person from prosecuting admiralty suit in foreign court.**

A court of equity, having jurisdiction of the parties, *held* to have power to grant a temporary injunction to restrain the defendant from further prosecuting a suit in admiralty in a foreign court to enforce a maritime lien until rights claimed by complainant, which cannot be asserted in the admiralty suit, may be determined.

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Equity. Suit by David Hyafill against the Buffalo Marine Construction Company. On motion for preliminary injunction. Granted.

David H. Bilder, of Newark, N. J., and Fleischmann & Pooley, of Buffalo, N. Y., for plaintiff.

Brown, Ely & Richards, of Buffalo, N. Y. (Alfred L. Becker, of New York City, of counsel), for defendant.

HAZEL, District Judge. In this action in equity the averments of the bill disclose that the defendant, Buffalo Marine Construction Corporation, furnished labor and materials at Buffalo to the steamer Natironco in the amount of $505,000, declared to be grossly excessive; that $395,000 has been paid on account thereof, leaving a balance of $110,170; that the master and chief engineer of the steamer were bribed by the defendant in the sum of $19,750 to improperly influence them to procure such repairs to be done by the defendant company; and that an unlawful agreement existed by which exorbitant and unreasonable prices were to be charged for such repairs and materials furnished. It is also averred that giving a bribe or gratuity to an agent or servant of another under the laws of the state of New York subjects the giver to a penalty and renders the contract void and unenforceable; and it is then averred that the defendant, for such repairs and materials furnished to the steamer in question, had a maritime lien in this jurisdiction, with a right to enforce the same, but that, instead of doing so, permitted the steamer, in December, 1918, to depart from Buffalo on her journey to France, where her owner resides, and upon her arrival at Sorel, in the province of Quebec, Canada, where she was compelled to lay up for the winter, the defendant libeled her in the Exchequer Court of Canada for the balance remaining due for the repairs and materials furnished; also that the steamer was seized under the maritime process of the court.

Upon the filing of the bill and affidavits in support thereof—affidavits showing that defendant intended to effect an immediate sale of the steamer to the irreparable loss of the plaintiff, and that doubt existed as to whether the Exchequer Court of Canada, under the laws of Canada applicable to the enforcement of maritime liens, would entertain plaintiff's counterclaim of set-off arising from the fraudulent acts of the defendant and from its violation of the penal laws of the state—this court granted a preliminary injunction against the defendant, restraining it from further proceeding in such action, to enable further investigation and consideration of the questions presented. Both parties, plaintiff and defendant, now having been heard orally, and the briefs afterwards filed having been examined, I have concluded to continue the restraining order in question. This will not necessarily draw into controversy the validity of a maritime lien, of which a court of admiralty alone has jurisdiction. The injunctive power of the court operates upon the defendant alone, and clearly is not directed against the Exchequer Court of Canada.

The gravamen of the bill is for an accounting, and that the proceeding in admiralty was instituted from unfair motives, to carry out a fraud perpetrated upon the plaintiff, and to evade its liability therefor

under the statute. As contended by defendant, it is a well-settled rule of law that, where a lien or claim upon the thing is given by the maritime law, admiralty alone has jurisdiction to enforce it by a proceeding in rem; but this does not deprive a court of equity in a proper case of the power of maintaining the status quo. It makes no difference that the res is beyond the territorial jurisdiction of the tribunal, the parties being before the court, since the defendant may nevertheless be compelled to do all the things required by the lex loci rei sitæ. Cole v. Cunningham, 133 U. S. 107, 10 Sup. Ct. 269, 33 L. Ed. 538. None of the adjudications cited by defendant goes so far as to hold that a court of equity has not power to enjoin a pending action in another jurisdiction simply because in such action it is intended to enforce a maritime lien.

In the case of Moran v. Sturges, 154 U. S. 256, 14 Sup. Ct. 1019, 38 L. Ed. 981, upon which reliance is placed, it is held, inter alia, that a maritime lien is a jus in re, and only a maritime court has jurisdiction to enforce it; but, as heretofore pointed out, neither the correctness of this rule, nor the rule that the court first obtaining jurisdiction of the res is entitled to retain it without interference, is disputed or questioned. There will be no interference with the physical possession of the res by the Exchequer Court of Canada, by the maintenance of the status quo until the rights of the plaintiff herein are ascertained or determined. But in order to afford proper protection to the defendant, the motion for a continuance of the temporary injunction will be granted conditionally, to wit, that in the pending proceeding a bond and stipulation be filed by the plaintiff as a substitute for the steamer Natironco, as required by the admiralty rules and practice applicable in the Dominion of Canada for the release of said steamer.

The motion of the defendant to dismiss the bill is denied. The motion to remove the case to the law docket is also denied, with the privilege of renewing the same on notice.