## CHICAGO, M. & ST. P. RY. CO. v. SCHENDEL.

(Circuit Court of Appeals, Eighth Circuit. August 28, 1923.)

No. 6356.

1. **Courts ⬤═259, 507—Jurisdiction of federal courts cannot be interfered with by state.**

Under Employers' Liability Act, § 6 (Comp. St. § 8662), providing that actions thereunder for injury or death of employees may be brought in the federal court "in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action," the jurisdiction thus conferred on the courts of the United States cannot be interfered with by a state, either through its Legislature or courts, and a state statute which prohibits a citizen of the state from bringing an action under the act in a federal court of a district in which the defendant is doing business is unconstitutional, and an injunction issued by a state court thereunder, restraining witnesses from testifying in such action, is void.

2. **Courts ⬤═508(2)—Federal court may enjoin proceedings in a state court which interfere with its acquired jurisdiction; "interference with exercise of jurisdiction."**

An injunction granted by a state court restraining the defendants therein from giving testimony in support of a cause of action stated, unless action thereon is brought in one of certain courts named, *held* an interference with the exercise of its jurisdiction by a federal court in which such action was afterward brought, which authorized that court, under Judicial Code, § 262 (Comp. St. § 1239), to enjoin further proceedings to enforce such state injunction.

3. **Injunction ⬤═32—Court of equity may not enjoin exercise of legal right to sue in another jurisdiction.**

A court of equity may not enjoin the bringing of an action in another jurisdiction on the ground of hardship or inconvenience to defendant and witnesses, where the right to sue in such other jurisdiction is given by law.

4. **Judgment ⬤═813—Requirement of full faith and credit to judicial proceedings not applicable to void judgment.**

The requirement of Const. art. 4, § 1, that full faith and credit shall be given to the judicial proceedings of a state, does not apply to an order of a court which is void.

5. **Injunction ⬤═3—Ancillary proceeding held appropriate to obtain injunction in aid of action at law.**

An injunction in aid of the exercise by the court of its jurisdiction in an action at law *held* properly sought by an ancillary proceeding in equity.

Appeal from the District Court of the United States for the District of Minnesota; John F. McGee, Judge.

Action by A. D. Schendel, as special administrator of the estate of Andrew J. Baker, deceased, against the Chicago, Milwaukee & St. Paul Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

John N. Hughes, of Des Moines, Iowa, and C. O. Newcomb, of Minneapolis, Minn. (F. W. Root and A. C. Erdall, both of Minneapolis, Minn., and Hughes, Taylor & O'Brien, of Des Moines, Iowa, on the brief), for appellant.

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Ernest A. Michel, of Minneapolis, Minn. (Tom Davis, of Marshall, Minn., on the brief), for appellee.

Before LEWIS and KENYON, Circuit Judges, and TRIEBER, District Judge.

KENYON, Circuit Judge. The following state of facts produces this controversy: Appellee, A. D. Schendel, as special administrator of the estate of Andrew J. Baker, brought suit in the district court of Yellow Medicine county, Minn., against appellant, for damages arising from the death of Andrew J. Baker, a switchman in the employ of appellant, at Cedar Rapids, Iowa, November 11, 1922. Appellant then instituted suit in the district court of Linn county, Iowa, against the widow of decedent and all the principal witnesses in said suit in Yellow Medicine county, Minn., and secured a temporary injunction enjoining said parties from taking any steps in aid of or testifying in said case, or any other case brought to recover damages for the death of said Baker, except in the United States District Court, Cedar Rapids Division, Northern District of Iowa, or the state court in and for Linn county, Iowa. Thereafter, on February 6, 1923, the case in Yellow Medicine county, Minn., was dismissed, and a case instituted in the United States District Court for the District of Minnesota, Fourth Division, making practically the same claim for damages as in the Yellow Medicine county suit. Attempts were made to take the depositions of the witnesses in Iowa who had been enjoined by the district court of Linn county, Iowa, and said witnesses refused to testify or to give depositions. Appellee then, by ancillary proceedings, sought an order of the United States District Court for the District of Minnesota, Fourth Division, to restrain appellant from interfering with the jurisdiction of the United States District Court, or with the prosecution of the suit by plaintiff, and asking that appellant be compelled to take necessary steps to dismiss the proceedings pending in the district court of Linn county, Iowa, wherein the Chicago, Milwaukee & St. Paul Railway Company, appellant herein, was plaintiff, and Mrs. Baker and others were defendants. The United States District Court of Minnesota ordered that a temporary injunction issue restraining appellant from interfering with the plaintiff in carrying on the action, and restraining appellant from taking any proceedings in the action pending in the district court of Linn county, Iowa, wherein the Chicago, Milwaukee & St. Paul Railway Company was plaintiff and Mrs. Goldie Baker and others were defendants, except dismissal proceedings; also by said order appellant was directed to dismiss the proceedings in the district court of Linn county, Iowa. From this order the appeal is taken. It will be perceived that questions of grave and far-reaching importance are involved.

[1] Appellant claims that the district court of Linn county, Iowa, acted within its jurisdiction, and in so acting was carrying out the public policy of the state of Iowa. The Thirty-Seventh General Assembly of Iowa passed the following statute (chapter 293, Acts 37th General Assembly of the state of Iowa):

"An act to prohibit the so-called practice of ambulance chasing for the purpose of inducing residents of this state to bring suits outside this state on personal injury or death claims arising within this state, and to prohibit the solicitation of such claims and the prosecution of suits thereon in foreign jurisdictions.

"Be it enacted by the General Assembly of the state of Iowa:

"Section 1. *Soliciting Claims.* It shall be unlawful for any person, with the intent, or for the purpose of instituting a suit thereon outside of this state, to seek or solicit the business of collecting any claim for damages for personal injuries sustained within this state or for death resulting therefrom, or in any way to promote the prosecution of a suit brought outside of this state for such damages, or to do any act or thing in furtherance thereof, in cases where such right of action rests in a resident of this state, or his legal representative, and is against a person, copartnership or corporation subject to personal service within this state."

The purpose of this act was evidently to curtail the operations of ambulance chasers, who have done much to discredit the legitimate practice of the law. In two cases, viz. Wabash Railway Co. v. Peterson, 187 Iowa, 1331, 175 N. W. 523, and In re Spoo's Estate, 191 Iowa, 1134, 183 N. W. 580, the Supreme Court of Iowa has construed this act, and held that an Iowa citizen can be restrained from bringing suit for personal injury sustained within the state—or his estate, if death resulted therefrom—in any other jurisdiction than the state of Iowa.

The order made by the district court of Linn county, Iowa, goes further even than the public policy of the state. After enjoining defendants in that case from aiding in the prosecution of the cause of action pending in the district court of Yellow Medicine county, Minn., by an all-embracing phrase, it says:

" * * * And from giving testimony, either in writing or oral, in any place in support of a cause of action brought to recover damages on account of the death of said Andrew J. Baker, unless said cause of action is instituted in the district court of Linn county, Iowa, or the United States District Court, Northern District, Cedar Rapids Division, and specifically enjoined and restrained from continuing or aiding in any way enforcing the cause of action now instituted and pending in the said district court of Yellow Medicine county, Minnesota."

Under this order the Iowa citizens enjoined by the district court of Linn county, including the widow of decedent Baker, could not testify in the United States District Court at any place in the Northern District of Iowa, except in the Cedar Rapids Division, or at any place where United States District Court is held in the Southern District of Iowa. The only suits in which the witnesses could testify would be those brought in the United States District Court, in the Cedar Rapids Division of the Northern District of Iowa, or the district court of Linn county, Iowa, and if the witnesses could testify in no other places no suit could be carried on elsewhere. This is limiting the Iowa policy to a more restricted sphere than the Legislature could possibly have anticipated in passing the law.

Outside of this order, however, we consider the important question involved of the conflict of the federal statute and the public policy of the state as expressed in the legislative enactment, before referred to, as construed in the two Iowa cases cited. The right of appellee to

bring suit is given by the federal Employers' Liability Law, section 6 of which, as amended by the Act of April 5, 1910 (Comp. St. § 8662), is as follows:

"Sec. 8662. *Actions; Limitation; Concurrent Jurisdiction of Courts; Removal of Case in State Court.*—No action shall be maintained under this act unless commenced within two years from the day the cause of action accrued.

"Under this act an action may be brought in a [Circuit Court] of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this act shall be concurrent with that of the courts of the several States, and no case arising under this act and brought in any state court of competent jurisdiction shall be removed to any court of the United States. (April 22, 1908, c. 149, § 6, 35 Stat. 66, amended April 5, 1910, c. 143, § 1, 36 Stat. 291.)

"Text in brackets superseded by sections 1266–1268."

This reference to sections 1266 and 1268 of the Compiled Statutes is in respect to transferring the power of a Circuit Court to the District Court. Under this statute the right is given to bring action within its purview for personal injuries or death resulting therefrom in the district of defendant's residence or the district in which the defendant was doing business at the time the action was commenced.

The action for personal injury under this act is a transitory one, and can be brought in any court having jurisdiction of the subject-matter and of the parties. Dennick v. Railroad Co., 103 U. S. 11, 17, 26 L. Ed. 439; Atchison, Topeka & Santa Fé Railway Co. v. Sowers, 213 U. S. 55, 29 Sup. Ct. 397, 53 L. Ed. 695. We therefore have a situation presented where Congress has given a right by federal enactment, and a state limits or destroys that right through an injunction of one of its courts based on a state statute, on the theory that the exercise of the right would interfere with the public policy of the state.

This public policy compels the citizen to give up a right granted by federal law. It is difficult to take seriously in this day of our national history the proposition that a state can be permitted so to destroy the power of a federal court to carry on the work given to it under the acts of Congress. If witnesses, by order of a state court, can be prevented from testifying in a federal court, then the federal court is a mere shell, to be crushed by the pressure of state court injunction. If a state can compel a citizen to give up one federal right as a prerequisite to bringing suit in a federal court, it can compel him to give up all federal rights. It is a proposition fraught with amazing consequences. Generally the plea to protect the right to go into the federal court has been made by the corporation, where the state has tried to prevent removal of cases brought in the state court, and the federal courts have in later years emphatically held that the state cannot interfere with federal jurisdiction by passing laws taking from foreign corporations their right to do business in the state unless they give up the right to transfer cases to the federal court. The reasoning in these cases is somewhat in point here. In the very late case of Terral, Secretary of State of Arkansas, v. Burke Const. Co., found in 257 U. S. 532, 42 Sup. Ct. 188, 189, 66 L. Ed. 352, 21 A. L. R. 186, speaking of this matter, Chief Justice Taft said:

"It rests on the ground 'that the federal Constitution confers upon citizens of one state the right to resort to federal courts in another; that state action, whether legislative or executive, necessarily calculated to curtail the free exercise of the right thus secured is void, because the sovereign power of a state in excluding foreign corporations, as in the exercise of all others of its sovereign powers, is subject to the limitations of the supreme fundamental law."

Barron v. Burnside, 121 U. S. 186, 200, 7 Sup. Ct. 931, 936 (30 L. Ed. 915) deals with a statute of Iowa, passed in 1886, requiring that every foreign corporation shall as a condition of obtaining a permit for the transaction of business in Iowa stipulate that it will not remove into the federal court certain suits which it would by the laws of the United States have a right to remove. The court said as to this:

"Its right, equally with any individual citizen, to remove into the federal court, under the laws of the United States, such suits as are mentioned in the third section of the Iowa statute, is too firmly established by the decisions of this court to be questioned at this day; and the state of Iowa might as well pass a statute to deprive an individual citizen of another state of his right to remove such suits. As the Iowa statute makes the right to a permit dependent upon the surrender by the foreign corporation of a privilege secured to it by the Constitution and laws of the United States, the statute requiring the permit must be held to be void."

If a defendant corporation has a right to take its case to the federal court (necessary diversity of citizenship existing), and if the right cannot be taken from it by a state Legislature or a state court, surely the same reasoning should apply to the citizen who desires to bring an action in the federal court under a right given to him by federal statute.

The situation presented in the railroad company's bill in the state court is undoubtedly aggravating and may merit the attention of bar associations and possible action by the courts to prevent unethical practice of the law, but that is not a matter that this court can remedy on this appeal. The bald fact is that the right existed on the part of appellee to bring the case for personal injury and death under the Employers' Liability Act in the federal court, in any district where appellant was doing business at the time the action was commenced. The action was brought in the District Court of the United States for the District of Minnesota, Fourth Division. It is without question that defendant was doing business in that district at the time the action was commenced. The Iowa public policy cannot destroy this federal right. In a conflict between such policy and a federal right given to a citizen of Iowa, the public policy must yield. The Constitution and the laws made thereunder are the supreme law of the land, and are as much the law of the state as are the state enactments. A state cannot confer jurisdiction on a federal court, nor can it take it away.

The act of the Iowa Legislature, as construed by the Supreme Court of the state, taking from an Iowa citizen the federal right under the Employers' Liability Act to go into the United States court and bring suit for injury, or from his estate, if death results therefrom, in any district in which defendant was doing business at the time the action was commenced, is unconstitutional, and the order of the District Court unauthorized and void. It amounts to a nullification of the federal

statute. We refer to a few of the many cases that might be cited on this subject.

In Atchison, T. & S. F. Ry. Co. v. Sowers, 213 U. S. 55, 29 Sup. Ct. 397, 53 L. Ed. 695, an act of the territory of New Mexico required certain actions to be brought in the district court of the territory. An action was commenced in the courts of Texas. It was held that the action, being one for personal injury, notwithstanding the requirement of the act of New Mexico that it be instituted in that territory, could be commenced and carried to a conclusion in Texas. In the dissenting opinion of Justice Holmes (213 U. S. at page 71, 29 Sup. Ct. 403 [53 L. Ed. 695]), he says:

"I am willing to assume that the statute could not prohibit a suit in another state, and, indeed, it recognized that in that particular it might be disobeyed with effect."

In Tennessee Coal, Iron & Railroad Co. v. George, 233 U. S. 354, 34 Sup. Ct. 587, 58 L. Ed. 997, L. R. A. 1916 D, 685, the question arose from a statute of Alabama making the master liable to the employee under certain conditions, and providing that all actions must be brought thereunder in the courts of Alabama and not elsewhere. The Supreme Court, referring to the Sowers Case, said:

"The court there announced the general rule that a transitory cause of action can be maintained in another state, even though the statute creating the cause of action provides that the action must be brought in local domestic courts."

In Spokane & Inland Empire R. R. v. Campbell, 241 U. S. 497, 509, 36 Sup. Ct. 683, 689 (60 L. Ed. 1125), the action was under the Employers' Liability Act, and the court, in referring to some sections of the Idaho Code, said:

"Whether Campbell was or is punishable criminally under either of these sections we are not called upon to say. But his right to recover against his employer depends upon the acts of Congress, to which all state legislation affecting the subject-matter must yield."

In Madisonville Traction Co. v. Saint Bernard Mining Co., 196 U. S. 239, 255, 25 Sup. Ct. 251, 257 (49 L. Ed. 462), the court said:

"The exercise by the Circuit Courts of the United States of the jurisdiction thus conferred upon them is pursuant to the supreme law of the land, and will not, in any proper sense, entrench upon the dignity, authority, or autonomy of the states; for each state, by accepting the Constitution, has agreed that the courts of the United States may exert whatever judicial power can be constitutionally conferred upon them."

In Bigelow v. Nickerson, 70 Fed. 113, 121, 17 C. C. A. 1, 9 (30 L. R. A. 336), the court said:

"We consider the question foreclosed, and no longer open to discussion. No condition imposed upon a right granted by a state, which prevents one from availing himself of his constitutional prerogative of appeal to the courts of the United States, can be upheld."

Outside of general principles, the entire subject included in the Employers' Liability Act is taken beyond the range of state laws and the state cannot interfere with the operation of the act. Erie R. R. Co. v. Winfield, 244 U. S. 170, 174, 37 Sup. Ct. 556, 61 L. Ed. 1057,

Ann. Cas. 1918B, 662; Second Employers' Liability Cases, 223 U. S. 1, 55, 32 Sup. St. 169, 56 L. Ed. 327, 38 L. R. A. (N. S.) 44; Taylor, Administratrix, v. Taylor, 232 U. S. 363, 34 Sup. Ct. 350, 58 L. Ed. 638; Texas & Pac. Ry. Co. v. Rigsby, 241 U. S. 33, 41, 36 Sup. Ct. 483, 60 L. Ed. 874. In Erie Railroad Co. v. Winfield, 244 U. S. 170, 174, 37 Sup. Ct. 556, 557 (61 L. Ed. 1057, Ann. Cas. 1918B, 662), the court held:

"But such a presumption cannot be indulged here, and this for the reason that by the federal act the entire subject, as respects carriers by railroad and their employees in interstate commerce, was taken without the reach of state laws."

In Seaboard Air Line Railway v. Horton, 233 U. S. 492, 501, 34 Sup. Ct. 635, 638 (58 L. Ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475), the court said:

"But it is settled that since Congress, by the act of 1908, took possession of the field of the employer's liability to employees in interstate transportation by rail, all state laws upon the subject are superseded."

[2] II. Appellant claims that the court erred in granting the temporary injunction because it offends against section 265 of the Judicial Code (Comp. St. § 1242). That section provides as follows:

"The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

This section must be construed in connection with section 262 (Comp. St. § 1239), which is as follows:

"The Supreme Court and the District Courts shall have power to issue writs of scire facias. The Supreme Court, the Circuit Courts of Appeals, and the District Courts shall have power to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions; and agreeable to the usages and principles of law."

It is unfortunate that a conflict of jurisdiction between state and federal courts should arise. A harmonious administration of justice requires federal and state courts not to interfere with one another's jurisdiction. Where there is concurrent jurisdiction, and the federal court first acquires jurisdiction of the subject-matter of the cause of action, it may prevent proceedings in a state court which would defeat or impair the jurisdiction thus acquired. In the late case of Kline et al. v. Burke Const. Co., 260 U. S. 226, 229, 43 Sup. Ct. 79, 82 (67 L. Ed. 226), the Supreme Court said:

"It is settled that, where a federal court has first acquired jurisdiction of the subject-matter of a cause, it may enjoin the parties from proceeding in a state court of concurrent jurisdiction, where the effect of the action would be to defeat or impair the jurisdiction of the federal court."

The same case draws a distinction in the rule as to the priority of right to proceed between actions in rem and in personam, and states it (260 U. S. at page 235, 43 Sup. Ct. 83 [67 L. Ed. 226]) as follows:

"The rank and authority of the courts are equal, but both courts cannot possess or control the same thing at the same time, and any attempt to do so would result in unseemly conflict. The rule, therefore, that the court first

acquiring jurisdiction shall proceed without interference from a court of the other jurisdiction is a rule of right and of law based upon necessity, and where the necessity, actual or potential, does not exist, the rule does not apply. Since that necessity does exist in actions in rem, and does not exist in actions in personam, involving a question of personal liability only, the rule applies in the former, but does not apply in the latter."

As this is the last word of the Supreme Court on this subject, and as it is so conclusive, there is no necessity of citing other cases. However, it may not be out of place to refer to French, Trustee, v. Hay et al., 22 Wall. 231, 253 (22 L. Ed. 854), where the Supreme Court said:

"Having the possession and jurisdiction of the case, that jurisdiction embraced everything in the case, and every question arising which could be determined in it until it reached its termination and the jurisdiction was exhausted. While the jurisdiction lasted it was exclusive, and could not be trenched upon by any other tribunal."

And Riggs v. Johnson County, 73 U. S. (6 Wall.) 166, 195 (18 L. Ed. 768), where the court said:

"State courts are exempt from all interference by the federal tribunals, but they are destitute of all power to restrain either the process or proceedings in the national courts. Circuit Courts and state courts act separably and independently of each other, and in their respective spheres of action the process issued by the one is as far beyond the reach of the other as if the line of division between them 'was traced by landmarks and monuments visible to the eye.'"

The necessity, referred to by the Supreme Court in Kline v. Burke Const. Co., is present in this case, as a federal court cannot proceed within its jurisdiction, if witnesses can be prevented by an order of a state court from testifying therein. Therefore whether the federal court in this instance has the right to enjoin the proceedings in the state court depends upon: (a) Had it first acquired jurisdiction of the subject-matter of the cause? (b) Would the action of the state court defeat or impair the federal court jurisdiction? That brings us squarely to the determining issue on this phase of the case.

The suit in the state court to enjoin witnesses from testifying in the case brought in the Minnesota court or in any other jurisdiction, except as indicated, was commenced prior to the suit in the United States District Court in Minnesota. The subject-matter of the suit in the state court was not the cause of action for the death of Baker. The subject-matter of the action in the federal court was damages arising from said death. No state court had acquired jurisdiction of this cause of action. That jurisdiction was in the federal court, and the fact that an injunction suit was brought in the state court prior to commencing the action in the federal court could not give any jurisdiction of a matter not embraced therein. If, when an action is about to be brought in a proper jurisdiction in a federal court, the prospective defendant can secure a sweeping injunction against witnesses appearing in that court in an action not yet brought, or giving testimony by deposition, it would be a perversion of the law to say that thereby the state court had acquired jurisdiction, and the federal court could not complain or interfere. The jurisdiction of the federal court would

be impaired or defeated by such a proceeding, the same as if the proceeding had been brought subsequent to the one in the federal court. The state court had acquired no jurisdiction of the subject-matter. The federal court, having acquired such jurisdiction, had the right to retain and protect it from interference until the determination of the cause. The state court had no right to interfere by preventing witnesses giving testimony and thus practically destroying the power of the federal court to act. If federal courts under such circumstances cannot protect their jurisdiction, they become impotent as instrumentalities of justice.

[3] III. Appellant also claims the right to an injunction in the state court existed on account of injustice, hardship, oppression, and fraud in bringing the action in another state. At the time the petition was filed in the state court the allegations were as to the proceedings in the state court of Minnesota, in far-away Yellow Medicine county, not as to hardships elsewhere. The mere hardship of defending a suit brought elsewhere than in the district where plaintiff or witnesses reside is hardly sufficient to warrant the interference of equity. If so, jurisdiction given by Congress could be limited in practically every case. An interesting comment on this subject is that by Judge Brewer in Cole v. Young, 24 Kan. 435, as follows:

"The question is: Under what circumstances will a court of equity restrain a party from invoking the aid of the courts and processes of another state? It certainly will not do that simply to compel him to carry on his litigation at home. It will not act upon the basis of any distrust of the courts of a sister state."

It is quite apparent that the equitable ground could not have been the reason for the injunction, as the order of the court practically prevented bringing suit in the Southern district of Iowa, or in any other division of the Northern district, except the Cedar Rapids one. Suit could not have been brought either at Davenport, only a short distance from Cedar Rapids, or at Ottumwa—both places where the District Court for the Southern District of Iowa is held—and which could have resulted in no appreciable hardship. We do not feel called upon to discuss the cases cited where the courts have held that equity may enjoin citizens of one state from bringing action in other jurisdictions. They do not apply to this situation. We are satisfied that the order was not issued on equitable grounds of oppression or hardship, but on the ground that the public policy of the state was being violated.

[4] IV. It is apparent from what we have said that the point made by counsel for appellant that the ruling of the trial court denied full faith and credit to the public acts and judicial proceedings of the state of Iowa, contrary to article 4, section 1, of the Constitution of the United States, is not, in our opinion, sound, as the order of the Iowa court, in so far as it affects the proceedings in the federal court of the United States for the District of Minnesota, is void. As we hold the federal court had jurisdiction of the subject-matter of this action, and as the order of the state court interfered with and impaired the same, it had the right to issue the order in question, and to direct appellant to dismiss its action in the state court. Guardian Trust Co. v. Kansas City Southern Ry. Co. et al., 171 Fed. 43, 96 C. C. A. 285 (28 L. R. A.

[N. S.] 620); Wilson v. Alexander (C. C. A.) 276 Fed. 875; Hyafill v. Buffalo Marine Const. Co. (D. C.) 266 Fed. 553; Freeman v. Howe et al. (D. C.) 65 Fed. 450; St. Louis-San Francisco Ry. Co. v. McElvain (D. C.) 253 Fed. 123.

[5] The remedy by ancillary proceedings in equity in aid of the jurisdiction of the court was the proper proceeding. Freeman v. Howe et al., 65 U. S. (24 How.) 450, 16 L. Ed. 749; St. Louis-San Francisco Ry. Co. v. McElvain (D. C.) 253 Fed. 123.

The judgment and order of the trial court was correct, and it is affirmed.